# THE A. T. & S. F. RAILROAD CO. v. ABRAHAM BALES.

1. NEGLIGENCE; *Escape of Fire; How Proven.* Negligence on the part of a railroad company in permitting fire to escape from its engines may be shown wholly by circumstantial evidence, and it is not necessary in such a case that any direct proof of any particular act of negligence should be introduced.

2. ———— *Question of Fact, for the Jury.* Where circumstantial evidence, tending to show negligence on the part of a railroad company in permitting fire to escape from its engines, is introduced by the plaintiff, and the defendant company afterward introduces direct and positive evidence tending to show the contrary, *held,* that it is a question for the jury to determine which evidence is entitled to the greatest credit.

3. RUNNING FIRES; *Where Set; Remote Cause.* Where fire, which is negligently permitted to escape from an engine of a railroad company, does not fall upon the plaintiff's property, but falls upon the property of another, setting it on fire, and then spreads by means of dry grass, stubble and other combustible materials, and passes over the lands of several different persons before it reaches the property of the plaintiff, and finally reaching the property of the plaintiff at a great distance from where the fire was first kindled sets it on fire and consumes it: *Held,* that the negligence of the railroad company, in such a case, is not too remote from the injury to the plaintiff's property to constitute the basis of a cause of action against the company.

4. ———— *Questions to be Considered by the Jury.* The proper questions to be considered in such a case are as follows: 1st, Was the railroad company negligent in permitting the fire to escape? 2d, Would the plaintiff's property have been destroyed by fire as it was destroyed, except for the fire permitted to escape from the company's engine? 3d, Could the railroad company, by the exercise of reasonable diligence, at or before the time of permitting said fire to escape, have anticipated the burning of the plaintiff's property as likely to occur, and as the natural and probable consequence of permitting said fire to escape? And these are all questions of fact entirely for the jury to consider and determine under proper instructions from the court.

*Error from Chase District Court.*

BALES sued the *Railroad Company* for damages resulting from a fire alleged to have been negligently set out by the company. He alleged in his petition that the engine was old and out of repair, that the servants of the company were careless in the management of such engine, and by such care-

less management fires were set to the prairie every few rods between Topeka and Newton; that at least a dozen fires were set by said engine in Chase county, and by reason of said fires as aforesaid certain property of plaintiff's, 80 rods of post-and-rail fence, three corrals, one granary, fifty tons of hay, one stable, 125 bushels of corn, 150 bushels of oats, etc., etc., was burned up, to his damage $1,094. The company answered by a general denial of all the averments in the plaintiff's petition, and specially set up that the engine was in good order, and the servants in charge thereof competent and careful. Trial at the May Term 1874. Verdict and judgment for *Bales* for $500, and costs. The *Railroad Company* brings the case here.

Ross Burns, and J. G. Waters, for plaintiff in error.
Ruggles & Sterry, and S. N. Wood, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This is another of those actions brought against the Atchison, Topeka & Santa Fé Railroad Company for damages claimed to have resulted from the negligence of the company in permitting fire to escape from its engine No. 9, on October 12th 1871. We have already decided four of those cases, to-wit, that of William M. Stanford, (12 Kas. 354,) of Neil Campbell, of Joseph Rickabaugh, and of Stephen Shaw, (*ante,* 200, 209.) In deciding those cases we have decided every question involved in this case, and several others besides. In fact, only the main questions involved in those other cases are involved in this, to-wit: 1st, May negligence on the part of the railway company in permitting fire to escape from its engines, be shown wholly by circumstantial evidence, or must it be shown by some direct proof of some particular act of negligence? 2d, Where the fire which is negligently permitted to escape from the engines of the railway company, does not fall upon the plaintiff's property, but falls on the property of another, setting it on fire, and then spreads by means of dry grass, stubble and other

combustible materials, and passes over the lands of several different persons before it reaches the property of the plaintiff, and finally reaching the property of the plaintiff, at a great distance from where the fire was first kindled, sets it on fire, and consumes it, is the negligence of the railway company in such a case too remote from the injury to the plaintiff's property to constitute the basis of a cause of action against the company?

As to the first question, we have decided that circumstantial evidence is sufficient; as to the second question, we have decided that the injury is not too remote to constitute the basis of a cause of action; and we are entirely satisfied with our decision of both of these questions. As to the first question, this case furnishes the strongest kind of evidence of the correctness of the decision. It was not within the power of the plaintiff to furnish any direct evidence of any particular act of negligence. It was shown by the defendant's witnesses that the engine from which the fire escaped was a first-class engine, that it was in good order and condition, and that it was operated by a careful and skillful engineer, to the best of his knowledge and ability. Now for the purposes of this case we will suppose that all of this is true, except the mere fact of operating the engine; and indeed the jury so find. The only negligence that they find is carelessness on the part of the engineer in operating the engine. Now how could the plaintiff prove this carelessness or negligence on the part of the engineer by any direct evidence? If the engineer was guilty of any carelessness or negligence, probably he alone knew it; and possibly even he himself would not have been fully aware of his own carelessness or negligence. Now the plaintiff proved that said engine on said 12th of October caused a large number of fires, a dozen or more; that other engines operated over the same track on the same day, and before and since, did not produce any such result; and that good engines properly managed would not under the same circumstances be likely to produce any such result. Now it would seem to us that such evidence would lead irresistibly

to the conclusion that there was negligence somewhere. Of course it would not locate the negligence. It would not show whether the fault was with the engine, or with the engineer; whether the engine was good, but was out of order; or bad, though in order; whether the engineer was competent, but acted carelessly; or incompetent, though he acted as well as he knew. And if the engine was bad or out of order, it would not show in what particular it was bad or out of order. And if the engineer acted unskillfully or carelessly, it would not show in what particular he acted unskillfully or carelessly. Yet such evidence is competent, and it would be about the best that the plaintiff could from the nature of the case produce. Now when the jury found that the engine was good, and in proper condition, then they had to weigh the foregoing circumstantial evidence with the direct testimony of the engineer who testified that he managed the engine skillfully and carefully. And the jury had the unquestionable right to weigh both, and to determine the value of each. If they believed from all the circumstances of the case that the testimony of the engineer was wholly unworthy of credit or belief, they had the undoubted right to so find, and to wholly disregard it. They had the right to say that the circumstantial evidence of the plaintiff tending to prove negligence immeasurably outweighed the direct and positive testimony of the engineer declaring that there was no negligence. The court could not weigh the evidence. The law does not undertake to define what such evidence is worth. But the whole matter comes within the legitimate scope and province of the jury. We would further refer to the case of the *A. T. & S. F. Rld. Co. v. Stanford,* 12 Kas. 370–372, and cases there cited. The decisions in Missouri are peculiar, and to some extent conflicting. (*Smith v. H. & St. J. Rld. Co.,* 37 Mo. 287, 391, et seq.; *Fitch v. Pacific Rld. Co.,* 45 Mo. 322, 325, et seq.; *Coates v. M. K. & T. Rld. Co.,* 61 Mo. 36; same case, 3 Central Law Journal, 209.)

As to the second question, it is scarcely necessary to do more than to refer to the decision of this court in the case of

the *A. T. & S. F. Rld. Co. v. Stanford*, 12 Kas. 375 to 379,
where the question is discussed at length, and the authorities
cited.   We would however refer to the following additional
authorities: *Annapolis & Elkridge Rld. Co. v. Gantt*, 39 Md.
116; *Balt. & Ohio Rld. Co. v. Shipley*, 39 Md. 252; *Penn.
Rld. Co. v. Hope*, 1 Law & Eq. Rep. 272, case decided by
the supreme court of Pennsylvania, Feb. 1876; *Webb v. R.
W. & O. Rld. Co.*, 49 N. Y. 420; *Pallett v. Long*, 56 N. Y.
200.

Since the promulgation of the decision in the Stanford case,
an elaborate article on this same question has been written by
Dr. Francis Wharton, and published in the Southern Law
Review, (Vol. 1, New Series, page 729.)   That article con-
troverts the doctrine enunciated in the Stanford case.   But
we think the argument of the learned Doctor will be found
to be wholly unsatisfactory, and the conclusion reached by
him not founded upon either reason or authority.   Even the
decisions which he refers to, with some exceptions, do not as
we think sustain his views.   With reference to the irrelevant
matters discussed by the Doctor we do not take issue.   It is
only upon the main proposition, that is, that the railroad
company is responsible only for property destroyed by it by
fire where the company *directly* communicates the fire to such
property, that we take issue.   He claims that where the rail-
road company does not directly set fire to the plaintiff's
property, but sets fire to some other person's property, and
that sets fire to the plaintiff's, that the act of the railroad
company is too remote a *cause* of the burning of the plain-
tiff's property to constitute the basis for an action against
the railroad company.   Now, the word "cause" has various
meanings, and shades of meaning.   Philosophically speaking,
the sum of all the antecedents of any event, constitutes its
cause.   Ordinarily however we consider each separate ante-
cedent of an event as a cause for such event, provided how-
ever that the event could not have happened except for such
antecedent.   Taking this view of cause and effect, there may
be many causes conjointly and consecutively contributing to

produce one and the same final result. And these causes may differ vastly in their proximity or remoteness to or from such final result. But still, any one of them may, as we think, be selected as the responsible cause for such final result, provided it be selected in accordance with the rules of law settled and established by the numerous adjudications of the courts. In the first place, such antecedent cause must be *wrongful*. For the rightful and *bona fide* exercise of a lawful power or authority can never be considered as the basis for a cause of action. Even if the fire from a railroad engine should fall directly upon the plaintiff's property and consume it, the railroad company would not be responsible unless such company were guilty of some wrong. If the company should exercise reasonable diligence in procuring a good engine, and then should carefully manage the same, it would not be responsible for any unforeseen and fortuitous event which might result from the escape of fire from such engine, however disastrous the same might be to the interests of individual persons. The company can in no case be held liable for the escape of fire from its engines unless it is guilty of negligence in permitting the fire to escape. Secondly, the circumstances of the case should be such that the author of such wrongful cause could by the exercise of reasonable diligence be able to anticipate the final injurious result as likely to occur, and as the natural and probable consequence of his wrongful act. For if some new cause, not the result of the first wrongful cause, not under the control of the wrongdoer, not such as he could by the exercise of reasonable diligence anticipate as likely to occur, and except for which the final injurious result could not happen, should intervene between the first wrongful cause and the final injurious result, such wrongdoer would not be liable. His cause would be too remote to constitute the basis of a cause of action against him. It would be placed back of and behind another efficient cause, which he could not have had in contemplation when he put into operation his cause. Observing these rules and limitations, an unlimited number of causes and effects may intervene between the first

wrongful cause and the final injurious result, and still the author of such wrongful cause be held responsible for the last as well as the first, and for every intermediate result. In the burning of prairie grass, like the case at bar, the number of causes and effects that may intervene between the first cause and the final result is illimitable. Each blade of grass is a separate and distinct entity, and the burning of each blade is both an effect and a cause. It is the effect of the burning of the blades immediately preceding it, and the cause, along with other blades, of the burning of the blades immediately succeeding it. And yet all these causes and effects are so intimately interlinked and blended with each other that we look upon the whole of them as constituting but one grand, united, continuous and single whole. We look upon the whole fire as only one fire, and the whole of these separate causes as merely one cause. The question then of liability in cases of this kind does not depend upon the number of causes contributing to produce the final result, nor upon the location of these causes with reference to each other in any grand concatenation or net-work of causes coöperating consecutively or conjointly, or both, to produce the final result; but it depends upon whether the cause put in operation by the defendant was wrongful, whether it was efficient, and whether the author thereof could at the time of putting it in operation have anticipated the final injurious result as likely to occur.

The questions in this case are as follows: 1st, Was the railroad company negligent in permitting the fire to escape? 2d, Would the plaintiff's property have been destroyed by fire as it was destroyed, except for the fire which the railroad company permitted to escape? 3d, Could the railroad company by the exercise of reasonable diligence at or before the time of permitting said fire to escape have anticipated the burning of the plaintiff's property as likely to occur, and as the natural and probable consequence of permitting said fire to escape? If the first and third of these questions should be answered in the affirmative, and the second in the nega-

tive, the company would be held liable. And these are questions of fact entirely for the jury to consider and determine, under proper instructions from the court.

The judgment of the court below is affirmed.

All the Justices concurring.