Eollett, J.
Was the negligence of Adams the proximate cause of the loss sustained by Young? The law does not regard an injury from a remote cause. There is no dispute as to the legal proposition; the difficulty is as to its proper application to the particular case.
The sustaining the demurrer to the second defense, is the only complaint of the plaintiff in error. There is no complaint of the trial on the first defense, in which the jury found against the plaintiff in error, and in which the jury must have found that his negligence was the proximate cause of the loss of the goods.
Does the second defense show, as a matter of law, a bar to Young’s recovery? This defense is, that the fire which burnt and consumed the property was communicated to the house of Crawford by sparks and cinders from the sta *86 ble, aud from the house of Crawford to the house where the property was situated, and then to the property.
It is not claimed that this fire was not the same fire communicated to the stable by sparks from the smokestack, when Adams’ agent negligently aud carelessly fired up and started the machinery. So, from the petition and answer, it is shown, that the fire, started by Adams, is the fire that consumed the goods.
Adams does not aver or claim that there was any new agency or cause at any point of the line of this fire, and does not aver or claim that the “gale of wind” increased in force or changed in direction.
The stable and the houses were not causes of communicating the fire, but they were only conditions of the communication, existing when the fire was started. Strictly, the law knows no cause but a responsible human will; and when such a will negligently sets in motion a natural force that acts upon and with surrounding conditions, the law regards such human actor as the cause of resulting injury. “As a legal proposition, we may consider it established, that the fact that the plaintiff’s injury is preceded by several independent conditions, each one of which is an essential antecedent of the injury, does not relieve the person, by whose negligence one of these antecedents has been produced, from liability for such injury.” Whar. Neg., § 85.
Adams does not aver his ignorance of the surrounding conditions, or that there was any thing unusual about them, or any change as to them.
The objection as to distance through the air is disposed of by the averments of the answer, that the fire was thus communicated, the surrounding conditions being as they were, and no other cause being shown. There is no averment that this loss is not a probable and ordinary result of the negligence of the plaintiff in error; and this principle is an important test, if it is not the only test. Whar. Neg., §150.
Ryan v. New York Cent. R. Co., 35 N. Y. 210, and Pennsylvania *87 R. Co. v. Kerr, 62 Pa. St. 353, have been referred to as decisive here. The courts rendering those decisions have sufficiently “ distinguished and explained” them.
In case of Webb v. Rome W. & O. R. Co., 49 N. Y. 420, Folger, J., on page 427, says: “ I do not understand . . . that the decisions in 35 N. Y., and 62 Pa. St., supra, put forth any new rule of law, or one which has not been acted upon and recognized, pari passu, with the recognition and growth of the principles upon which most of the cases above cited are based. In Ryan’s case, the opinion of the court was that the action could not be sustained, for the reason that the damage incurred by the plaintiff was not the immediate but the remote result of the negligence of the defendant.” He then says, Kerr’s case is the same in material facts, principle, and reasoning. And he then says, page 428, “ I am of the opinion, that, iu the disposition of the ease before us, we are not to be controlled by the authority of the case in 35 N. Y. more than we are by that of the long line of cases which preceded it.” And the court there held, “ He who, by his negligence or misconduct, creates or suffers a fire upon his own premises, which, burning his own property, spreads thence to the immediately adjacent premises and destroys the property of another, is liable to the latter for the damages sustained by him.” And on the facts there, also held, “ In an action for the damages, that the questions as to whether defendant was negligent in the use of its property, and as to whether the injury was a probable consequence of the negligent acts and omissions, were properly submitted to the jury.”
In Pennsylvania R. Co. v. Hope, 80 Pa. St. 373, Chief Justice Agnew says, on page 379, “ Rut let us examine the case of Railroad Co. v. Kerr, and it will be found to be free from much of the criticism expended upon it.” “ It was not held in Railroad v. Kerr that when a second building is fired from the first, set on fire through .negligence, it is a mere conclusion of law that the railroad company is not answerable to the owner of the second; or that if a fire is communicated from the locomotive to the field of A, *88 and spreads through his field to the adjoining field of B., A. may be reimbursed by the company, while B. must set down his loss to a remote cause, and suffer in silence; ” — thus answering Fent v. T. P. W. R. Co., 59 Ill. 362 and 358, infia.
And in that case the court held, “ Sparks'from defendants’ engine fired a railroad tie, from which rubbish left .by the defendants on their road was fired, communicated with plaintiff’s fence next to the road and spread over two fields, burned another fence and standing timber six hundred feet distant from the road. Held, that the proximity of the cause was for the jury.
“ In such case the jury must determine whether the facts constitute a continuous succession of events so linked as to be a natural whole, or whether the chain is so broken as to become independent, and the final result can not be said to be the natural and probable consequence of the negligence of defendants.”
In the opinion the chief justice says, page 378, “ In determining this relation, it is obvious that we are not to be governed by abstractions, which, in theory only, cut off*the succession. Abstractly each blade of grass or stock of grain is distinct from every other; so one field may be separated from another by an ideal boundary, or a different ownership, or it may be by a real but combustible division line. . . . It is at this point the province of the jury takes .up the successive facts, and ascertains whether they are naturally and probably related to each other by a continuous sequence, or are broken off or separated by a new and independent cause.”
Some states, as Massachusetts and New Hampshire,.have provided by statutes that railroad companies shall be liable for damage caused by fire communicated by its locomotive engines. And in Perley v. Eastern R. Co., 98 Mass. 414, damage was recovered for injury to property situated half half a mile distant from the railroad.
In the state of Kansas, damage has been recovered for injury to property situated many miles distant from the origin of the fire. Atchison, T. & Santa Fe R. Co. v. Stanford, 12 Kan. 354. In case of Atchison, T. & Santa Fe R. Co. v. *89 Bales, 16 Kan. 252, it was held, “ Where fire, which is negligently permitted to escape from an engine of a railroad company, does not fall upon the plaintiff’s property, but falls upon the property of another, setting it on fire, and then spreads by means of dry grass, stubble and other combustible materials, and passes over the land of several different persons, before it reaches the property of the plaintiff, and finally reaching the property of the plaintiff at a great distance from where the fire was first kindled, sets it on fire and consumes it: Held, that the negligence of the railroad company, in sucha case, is not too remote from the injury to the plaintiff’s property to constitute the basis of a cause of action against the company.”
In case of Poeppers v. M., K. & P. Ry. Co., 67 Mo. 715, sparks from the locomotive set fire to the prairie where the grass was rank. The wind was high and the fire extended three miles before night, then died down, and the next morning the wind rose and carried the fire five miles further, where the fire destroyed plaintiff’s property. The court held, “ that as the rise of the wind was a thing which a prudent man might reasonably have anticipated, it could not be regarded as the intervention of a new agency, so as to relieve the company from the consequences of its negligence in permitting the fire to escape; and that the fire was in fact one continuous conflagration, notwithstanding the lapse of time and the great distance over which it traveled before reaching plaintiff’s property.” In Missouri this may be correct.
In Del., Lack. & West. R. R. Co. v. Salmon, 39 N. J. law, 300, the court held, “ Where one, by negligence or misconduct, occasions a fire on his own premises, or the premises of a third person, which spreads from thence to the plaintiff’s property, and causes an injury, the injury is not, as a legal proposition, too far removed from his negligent act to involve him in legal liability.” And Ryan v. New York Cent. R. Co., and Pennsylvania R. Co. v. Kerr, supra, are disapproved.
The case of Kellogg v. The Chicago and N. W. Ry. Co., 26 Wis. 223, was fully considered, and the court held, “ The maxim, causa próxima non remota speetatur, is not controlled *90 by time or distance, nor by the succession of events. An efficient adequate cause being found, must be deemed the true cause, unless some other cause, not incidental to it, but independent of it, is shown to have intervened between it and the result. • The maxim includes liability for all actual injuries which were the natural and probable result of the wrongful act or omission complained of, or wore likely to ensue from it under ordinary circumstances.” And Ryan v. New York Cent. R. Co., and Pennsylvania R. Co. v Kerr, supra, are disapproved.
In the case of Fent v. The Toledo, Peoria and Warsaw Ry. Co., 59 Ill. 349, the opinion delivered by Chief Justice Lawrence, disapproved of Ryan v. New York Cent. R. Co. and Pennsylvania R. Co. v. Kerr, supra, and deals at length with remote and proximate cause. The court there hold, “If fire is communicated from a railway locomotive to the house of A, and thence to the house of B, it is not a conclusion of law that the fire sent forth by the locomotive is to be regarded as 'the remote, and not the proximate, cause of the injury to B, but that is a question of fact to be determined in each case by the jury under the instructions of the court. . . .
“ If loss has been caused by the act, and it was, under the circumstances, a natural consequence which any reasonable person could have anticipated, then the act is a proximate cause, whether the house burned was the first or the tenth, the latter being so situated that its destruction is a consequence reasonably to be anticipated from setting the first on fire. If, on the other hand, the fire has spread beyond its natural limits by means of a now agency — if, for example, after its ignition, a high wind should arise, and carry burning brands to a great distance, by which a fire is caused in a place that would have been safe but for the wind — such a'loss might fairly be set down as a remote consequence, for which the railway company should not be held responsible.”
In Milwaukee and St. P. Ry. Co. v. Kellogg, 94 U. S. 469, the claim was that fire was negligently communicated from *91 a steamboat of the company by sparks from the chimney to an elevator of the company built of pine lumber, and one hundred and twenty feet high, and standing on the bank of the river, and from the elevator to a'saw-mill and lumber piles of Kellogg. The mill was five hundred and thirty-eight feet distant from the elevator, and the nearest pile of lumber was three hundred and eighty-eight feet distant from it. When the steamboat went along side the elevator, an unusually strong wind was blowing from the elevator towards the mill and lumber. The case was from Iowa. The court held, “ The question as to what is the proximate cause of an injury is ordinarily not one of science or of legal knowledge, but of fact for the jury to determine in view of the accompanying circumstances. A finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, is not warranted unless it appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances. Where there is no intermediate efficient cause, the original wrong must be considered as reaching to the effect, and proximate to it.”
In the case of Hoyt v. Jeffers, 30 Mich. 181, more than one building was burned by fire communicated by sparks from a mill chimney. As to the second building, the court held, “ Even where such, second building is at such a distance from the first that its taking fire from the first might not, a priori, seem possible, yet if it be satisfactorily shown that it did in fact thus take fire without any negligence of the owner, or any fault on the part of any third party, which could be properly recognized as the proximate cause, and for which he could be held liable, the party through whose negligence the first building was burned, can not on principle be held exempt from equal liability for the burning of the second.”
These numerous citations show many phrases of this subject, and that each case must be determined by its peculiar facts, and so is largely within the province of the jury.
*92 Here explosives are averred to have been in Crawford’s house, but if they ever exploded it is not averred that auy injury came from such explosion. There is shown no new cause operating after the fire was carried from the chimney of the mill on its destructive mission. The demurrer was rightly sustained, and the court did not err in affirming the judgment.

Judgment affirmed.