67 715|
100a 193|

## POEPPERS v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant.*

**Locomotive Scattering Sparks**: PROXIMATE AND REMOTE CAUSE : NEGLIGENCE. Sparks escaping from a railroad locomotive set fire to the prairie adjoining the company's right of way at a place where the grass was very rank and dry. The wind being high, the fire extended some three miles before night, and continued to burn during the night, though slowly, the wind having fallen. The following morning the wind rose again and blew with great violence, carrying

the fire some five miles further, in the course of a few hours, to the plaintiff's farm, where it swept over a fire-line of sixteen feet of plowed ground, and destroyed plaintiff's property. Such violent winds were not unfrequent in that country. In an action of damages against the company, *Held*, that as the rise of the wind was a thing which a prudent man might reasonably have anticipated, it could not be regarded as the intervention of a new agency, so as to relieve the company from the consequences of its negligence in permitting the fire to escape; and as the fire was, in fact, one continuous conflagration, notwithstanding the lapse of time and the great distance over which it traveled before reaching plaintiff's property, a judgment in his favor was affirmed.

*Appeal from Pettis Circuit Court.*—HON. WM. T. WOOD, Judge.

*John Montgomery, Jr.*, for appellant, cited Sedg. on Dam., (6 Ed.) side p. 82, note 2; *Boland v. Missouri River R. R. Co.*, 36 Mo. 491; *Barton v. St. Louis & Iron Mountain R. R. Co.*, 52 Mo. 259; *Costigan v. M. & H. R. R. Co.*, 2 Den. 609; *Ryan v. N. Y. Cent. R. R. Co.*, 35 N. Y. 216; *Clemens v. H. & St. Jo. R. R. Co.*, 53 Mo. 370; *Fent v. T., P. & W. R. R. Co.*, 59 Ill. 349; *Kellogg v. Milwaukee, &c., Ry. Co.*, 94 U. S. 469; *s. c.*, 1 Cent. Law Jour. 278; *Toledo R. R., &c., v. Muthersbaugh*, 71 Ill. 572; *s. c.*, 7 Chic. Leg. News 131; *Hooksett v. Concord R. R. Co.*, 38 N. H. 246; *Penn. R. R. Co. v. Kerr*, 62 Penn. St. 353; *Webb v. Rome, &c., R. R. Co.*, 49 N. Y. 425; *Kellogg v. Chicago, &c., R. R. Co.*, 26 Wis. 223; *Morrison v. Davis*, 8 Harris 171; *McDonald v. Snelling*, 14 Allen 294; *Calkins v. Barger*, 44 Barb. 424; *Fahn v. Reichart*, 8 Wis. 255; *Hoey v. Felton*, 11 C. B. (N. S.) 142; 103 E. C. L. 142; *Daniels v. Potter*, 19 E. C. L. 375.

*Claycomb & Gray* for respondent, cited *R. R. Co. v. Bales*, 16 Kas. 252; *s. c.*, 15 Am. Law Reg. (N. S.) 622; *Kellogg v. Chicago, &c., R. R. Co.*, 7 Am. Rep. 69; *Webb v. Rome, &c., R. R. Co.*, 10 Am. Rep. 389; *Flynn v. San Francisco, &c., R. R. Co.*, 6 Am. Rep. 595; *s. c.*, 40 Cal. 14; *Fitch v. Pacific R. R. Co.*, 45 Mo. 322; *Fent v. Toledo, &c., Ry.*

*Co.*, 6 Alb. L. J. 226 ; *Bedford v. H. & St. Jo. R. R. Co.*, 46 Mo. 456 ; *Meyers v. Chicago, &c., R. R. Co.*, 59 Mo. 223.

NAPTON, J.—Notwithstanding the multitude of decisions, here and elsewhere, in regard to the responsibility of railroad companies for fires escaping from their engines, the present case undoubtedly presents some novel features, which have occasioned some hesitation in applying to it principles which, after considerable conflict, seem to be now pretty well settled. The facts in this case are that some sparks from a locomotive of defendant set fire to the prairie, about 2 o'clock on the evening of the 23d day of November, 1872, near the track, and the grass being very rank and dry, and the wind being high, the fire extended about two and a half or three miles before night, and continued to burn during the night, though slowly ; but in the morning the wind rose again and blew hard, as was not unusual in that country, and carried the fire some five miles further, until it reached plaintiff's farm, about 9 or 10 o'clock on the 24th, and burned over a fire-line of about sixteen feet of plowed ground and destroyed the property of the plaintiff.

At the trial plaintiff asked the court to give the following instructions in his behalf, viz. :

1st. The court instructs the jury that the defendant in this case was bound to a degree of care and diligence in proportion to the degree of damages and the probable extent of injury to the property of others in case of negligence, and if the jury believe from the evidence that, on or about the 23d day of November, 1872, the defendant, the M., K. & T. Ry. Co., through its agents and employees, while operating its engines and trains of cars over the line of road in Vernon county, Missouri, failed to exercise that degree of care and caution they ought to have done under the circumstances, in consequence of which fire escaped from the engines of the trains in their use and set on fire the dry grass and combustible matter accumulated and standing

alongside of and by the railroad track, and thence, by its natural extension, communicated and burned the property of plaintiff, as alleged in the first count in his petition, then they will find for the plaintiff.

2.　The court instructs the jury, on the part of the plaintiff, that if they should believe from the evidence that there was a continuous line of dry prairie grass, or other combustible matter, extending directly from the point at or near the railroad track where this fire is alleged to have started to the plaintiff's premises, and that the defendant, while running its locomotive steam engines, cars and coaches on its said line of road in Vernon county, Missouri, through its servants, agents and employees, negligently permitted the fire and sparks to escape from its engines on the said 23d day of November, 1872, and that the sparks did set fire to the dry grass along and by the side of its line of road near to the same, and that the fire so set naturally continued to spread and burn without any break, and burned over the whole line of combustible matter from the point where it started to the plaintiff's farm, so as to make but one continuous conflagration from the time it started near the railroad track until it reached the plaintiff's farm, and did burn up and destroy plaintiff's property as alleged, without any fault or negligence on his part, then they will find for the plaintiff.

3.　The court instructs the jury, on the part of the plaintiff, that if they believe from the evidence that the M., K. & T. Ry. Co., on or about the 23d day of November, 1872, while running its locomotive steam engines, cars and coaches on its line of road in Vernon county, Missouri, through its servants, agents and employees, permitted the sparks and fire to escape from its engines and set fire to the grass along and by the side of its line of road, and damage ensued to the plaintiff as alleged, then the jury may infer or presume that the fire escaped through the negligence of the defendant, its servants, agents or employees. And the court instructs the jury that in such

case it devolves upon the defendant to rebut the presumption of negligence by proving that it was using proper and safe locomotives and engines, and that its servants and employees were conducting them in a proper and safe way at the time the fire escaped, and, unless the jury believe that the defendant has thus rebutted this presumption, they will find for the plaintiff.

4. The court instructs the jury, on the part of the plaintiff, that, even though they should believe from the evidence that the defendant, on the 23d day of November, 1872, was using in the operation of its road machinery of the most improved mode of construction, and the latest and best appliances in known use, to prevent the escape of fire, and that they generally managed their said machinery and operated their said road in a safe and proper way, yet, if they should further believe from the evidence that in this instance the servants or employees of defendant were running an unreasonably long train, so that the engine was overloaded and pulled very hard, and in consequence thereof produced the escape of sparks and fire to a dangerous extent, then the jury may take into consideration this fact, with the surrounding circumstances as shown by the evidence, in deciding whether or not there was negligence on the part of defendant, its servants or employees in the running of its trains, the management and use of its said engines and machinery.

5. The court instructs the jury, on the part of the plaintiff, that, even though they should believe that the defendant had at one time provided its engines with the best appliances in known use for the prevention of the escape of fire, and did generally manage the same in a proper and safe way, yet, if they should further believe from the evidence that in this instance the defendant had suffered its engine to get into bad order, so that fire escaped therefrom as alleged, and by such escape of fire damage ensued to plaintiff, without fault on his part, then they will find for the plaintiff.

6. The court instructs the jury that, although they must, in finding a verdict in this case, be governed by the maxim that every one is liable for the natural and proximate, but not for the remote, damages occasioned by his acts, yet this maxim is not to be controlled by time and distance; and if the jury believe from the evidence that there was but one burning, one continuous conflagration, from the time the fire was set at or near the railroad track till, by its natural extension, it extended to and burned plaintiff's property, in such a manner as to constitute but one event, one continuous burning, and that the damage complained of was, under the surrounding circumstances, the natural result of the escape of the fire from the engine of the defendant, through defendant's negligence, then they will find for the plaintiff, if they shall further find that said damage was not caused by any fault of the plaintiff.

7. The court instructs the jury, on the part of the plaintiff, that if they should believe from the evidence that the plaintiff is entitled to recover on the first count in his petition, then they shall assess his damages on said count at such sum as they shall believe from the evidence that the property destroyed by the fire was reasonably worth, not to exceed the sum for which judgment is asked for in said count; and the jury may find for plaintiff on one count of the petition, and for the defendant on the other.

8. The court instructs the jury that, even though they should believe from the evidence that the defendant, on the 23d day of November, 1872, was using in its business the most approved machinery in known use, and had adopted and was using the best appliances in known practical use, for security, safety and preventing the escape of fire, and that the same were properly managed, yet, if they should further believe from the evidence that the defendant permitted the dry grass and combustible matter to accumulate by the side of and near to the railroad track, within its right of way, in such manner as would not have

been permitted by an ordinarily prudent man upon his premises, if exposed to the same hazard from fire, under similar surrounding circumstances, then they may infer negligence from such acts.

9. The court instructs the jury, on the part of the plaintiff, that if they should believe from the evidence that the setting of the fire to the prairie grass, at or near the railroad track, was the proximate consequence or effect, or such an effect as might have been foreseen or expected by any reasonable man, of the escape of fire, under the circumstances, then this effect will continue to be proximate as to everything which the fire consumes in its direct course; and if they so believe, they will find for the plaintiff unless they shall believe from the evidence that some new force or power intervened, of itself sufficient to have caused the mischief complained of.

10. The court instructs the jury, on the part of the plaintiff, that if they should believe from the evidence that the plaintiff is entitled to recover on the first count in his petition, then they shall assess his damage in said count at such sum as they shall believe from the evidence the property destroyed by the fire was reasonably worth, not to exceed the sum for which judgment is asked in said count. Of these instructions, those numbered 1, 2, 3, 4, 5, 6, 7 and 10 were given by the court against defendant's objections, and those numbered 8 and 9 were refused, and to the action of the court in giving said instructions, numbers 1, 2, 3, 4, 5, 6, 7 and 10, the defendant then and there excepted at the time.

The defendant prayed the court to instruct the jury in its behalf as follows:

1. The court instructs the jury, if they find from the evidence that the damage done the plaintiff was not the usual and natural result of the negligent acts of the defendant, they will find their verdict for the defendant.

2. If the jury find that the burning of plaintiff's property was not, under usual and ordinary circumstances, the nat-

ural result of a fire set where this was, or that the exertion of plaintiff and his neighbors, or the precautions taken by plaintiff and his neighbors, or any natural or existing obstacles, to the rate of said fire would, under ordinary and usual circumstances, have extinguished or stopped said fire before it reached plaintiff's property, they will find their verdict for the defendant.

3. If the jury believe from the evidence that the burning of plaintiff's property was not such a usual and natural result of the negligent acts of defendant as a prudent and careful person would, under usual and ordinary circumstances, reasonably have anticipated, you will find your verdict for the defendant.

4. If the jury believe from the evidence that after the fire was started it would, in the natural order of events, have expired itself, or have been extinguished before reaching plaintiff's property, but on account of the increased severity of the wind blowing the next morning, or a change in the direction of the wind, or an increase in the inflammable material which the fire reached, it was carried upon plaintiff's premises and destroyed his property, they will find their verdict for the defendant.

5. If the jury find that, ordinarily, plaintiff's property, situated as it was, was not exposed to damage from any fire originating at the place this did, and that a prudent man would have anticipated no danger to said property from such fire under ordinary circumstances, and that the damage done said property was owing to a high wind, blowing in the direction from where the fire started, conveying the fire with great speed through the dry and heavy grass to plaintiff's premises, where, under ordinary or usual circumstances, it could or would have been stopped, or expired before reaching there, then their verdict must be for the defendant.

6. If the jury find from the evidence that the fire set by defendant on its right of way would have expired by itself during the night, or would have been put out by

other parties, had it not been for the high wind which was blowing when the fire was set, and which sprang up next morning, and the heavy growth of grass on the prairie between the plaintiff's premises and the place where the fire was set, they will find their verdict for defendant.

7. If the jury find that the fire, during the night after it was set, burned low and slow, and the wind calmed down, and the next morning the wind increased very much and the fire burned rapidly across the intervening prairie to plaintiff's premises, and but for the high wind which sprang up in the morning, and the high wind and dry grass, and the rapidity with which the fire traveled, the plaintiff could, by the exercise of ordinary care, have protected his premises from harm, you will find your verdict for defendant.

· 8. And if the jury find that during the night of Saturday, November 23d, 1872, the fire became extinguished, or nearly so, and could by the exercise of ordinary care and exertion on plaintiff's part, or would by reason of the exertion of his neighbors, or precautions which they had taken to guard against fire, have been extinguished the next day had it not been for the high winds which prevailed the next day, they will find their verdict for the defendant.

9. If the jury find from the evidence that after the fire was set by defendant the same was extinguished, or nearly so, and afterwards increased and spread over a great extent of territory, and finally reached plaintiff's premises in consequence of an unusually high wind springing up in the morning, and would not have increased and reached the plaintiff's premises but for such high wind springing up next day, they must find for defendant. These instructions the court refused to give, and to this action of the court, in refusing to give said instructions, defendant then and there excepted.

The defendant also prayed the court to instruct the jury as follows, viz.:

10.   To entitle the plaintiff to recover in this cause, it devolves upon him to show to the satisfaction of the jury that the fire was set out or caused by the negligence of the defendant or its employees.   This instruction the court gave as prayed.

The defendant also prayed the court to instruct the jury as follows:

11.   The escape of fire from the engine or locomotive of defendant at the time and place alleged, if proved to the satisfaction of the jury, is sufficient proof of negligence on the part of defendant and its employees to authorize the jury to find such facts, but this proof of negligence must be considered by the jury as fully rebutted if it is proved to their satisfaction that the engine from which the fire escaped was at the time in good condition, and provided with the best machinery and contrivances to prevent the escape of sparks and coals of fire, and was operated by skillful and competent employees, and they themselves were at the time guilty of no negligence.

12.   The jury are instructed that even if they find the fact to be that the defendant's right of way at the point where the fire is alleged to have been set was covered with dry grass and weeds, the natural growth of the soil, this is no negligence on the part of defendant, or any evidence of negligence, unless it be shown by the evidence that the fire which escaped from defendant's engine alighted upon or set fire to the grass on defendant's right of way, and was from thence communicated to the grass on the lands adjoining the right of way.   These instructions the court refused to give, and to this action of the court, in refusing to give said instructions, defendant then and there excepted at the time.

It will be perceived that two points are presented by the facts and the instructions to the jury: First, whether the question of negligence was properly submitted to the jury; and, secondly, whether the instructions in regard to proximate and remote causes were correct.   In regard to

this last topic, I do not propose to go into a discussion of the subject generally, since elementary treatises and judicial opinions have, we think, pretty well exhausted it, as the cases referred to in the briefs on either side will show. We see no material objection to the instructions given by the court for the plaintiff. The sixth instruction is the one principally objected to, but, keeping in view the facts on which this instruction was based, we think it was not calculated to mislead. Although the instruction announces the rather startling proposition that neither time nor distance controls the decision of the question of proximate and remote damages, it is at the same time declared in the instruction that the damages must be the natural result of the fire, originated by the negligence of the defendant. This seems to be in accordance with the doctrine generally sanctioned, that proximate damages are such as would be reasonably anticipated by a prudent man. The evidence showed that there was no intervention of a new agency in the destruction of plaintiff's property. The fluctuations of the wind at the season of the year when this fire occurred is nothing remarkable or extraordinary, as the testimony in this case shows. The cessation of the wind at nightfall on the prairie is a matter of course, and the increase of the wind the next morning is a circumstance which might well be anticipated. We do not regard this as an intervention of a new agent, relieving the wrong-doer of responsibility. Had the wind been on the next day extraordinary, not to have been anticipated, it might have been considered a *casus*, but the evidence in this case shows that the violent wind on the day succeeding the starting of the fire was not an infrequent occurrence at that season of the year. It is agreed by the witnesses on both sides that such winds, though somewhat unusual, frequently blow in that section of the country. The instructions asked by defendant on this point seem principally directed to a state of facts of which there was

no proof.   Abstractly considered, they were undoubtedly law, and some of them might well have been given.

It is urged, however, that the judgment must be reversed on account of the refusal of the court to give the eleventh instruction asked by defendant.   It confessedly announces the same principle stated by the court in the third instruction given for the plaintiff, and might well have been given.   In the case of *Coates and others v. Missouri, Kansas & Texas Ry. Co.*, 61 Mo. 40, we reversed a judgment because a similar instruction to the eleventh asked in this case was refused, but in that case the instructions for plaintiff did not state what facts would rebut the *prima facie* case made by the proof of the fire originating from sparks from the engine.   In the present case the third instruction for plaintiff does state that proof of the use of proper and safe locomotives and engines, and that its servants and employees were conducting them in a proper and safe way at the time the fire escaped, would rebut the presumption of negligence arising from the mere escape of the fire.   This might very well have been repeated in the instruction asked by defendant on the same subject, but, with some hesitation, we have concluded that the refusal of the eleventh instruction will not warrant a reversal of the judgment.

Judgment affirmed.

AFFIRMED.