L. W. MOORE v. WILMINGTON & WELDON R. R. COMPANY.

(Decided April 4, 1899).

*Railroads—Injury by Fire—Negligence.*

1. Where it is admitted that defendant's engine was in good condition and had a proper spark-arrester, and was skillfully operated the question of negligence in having defective machinery is eliminated.

2. If sparks should escape from such an engine thus managed and ignite combustible matter along the right-of-way, the defendant would be liable for injuries resulting, not because the sparks escaped, but for allowing inflammable matter to remain on its premises.

3. If, however, sparks from such an engine go beyond defendant's right-of-way and ignite such matter over which defendant has no control, the defendant would not be chargeable with negligence, nor would it be so chargeable if the fire originated outside the right-of-way from some other cause, communicated itself to the right-of-way and then to plaintiff's premises.

CIVIL ACTION to recover damages for injury to land by fire alleged to have originated from sparks from defendant's

engine through negligence, tried before *Adams, J.,* at February Term, 1898, of DUPLIN Superior Court.

It was admitted by plaintiff that defendant's engine was in good condition, and had a proper spark-arrester, and was skillfully operated; the negligence alleged was that the right of way had combustible matter upon it, which was ignited by sparks from the engine, and the fire was communicated to plaintiff's land adjoining.

The defendant contended that the fire originated outside the right-of-way among a pile of cross-ties. How the fire originated was a matter of controversy, and the evidence was conflicting.

The defendant asked a special instruction, as follows: Even if the jury shall believe that the fire was communicated to the pile of ties by the engine of the defendant, then the plaintiff can not recover if the engine was in good order and repair and equipped with an approved spark-arrester for preventing the escape of sparks, and was managed and operated in a careful manner by a skillful and competent engineer, and the evidence on the part of the defendant as to this is uncontroverted and not contradicted.

His Honor declined to give this instruction. Defendant excepted. There was a verdict for plaintiff and judgment. Defendant appealed.

*Messrs. Junius Davis* and *H. L. Stevens,* for defendant (appellant).

*Messrs. Allen & Dortch,* for plaintiff.

FAIRCLOTH, C. J. This action is for damages in burning the plaintiff's timber trees, wood, undergrowth and other property adjoining the defendant's right-of-way. The allegation is that sparks, emitted from defendant's engine, fell upon

its right-of-way and fired combustible and ignitable matter on the right-of-way, which fire was communicated to the plaintiff's premises, and that the fire was produced as a result of the defendant's negligence. There was no direct evidence as to the origin of the fire. There was conflicting evidence as to the place where and the time when the fire broke out. The plaintiff's evidence tended to show that the fire originated on the right-of-way, and he contends that it came from sparks thrown out by defendant's engine. The defendant's evidence tended to show that on the same day, at a later hour, a pile of cross-ties off the right-of-way, but near by was burnt, except the ends of the ties, and it contends that *there* was the origin of the fire, which burned the matter on the right-of-way and the plaintiff's property. Of course, these contentions and the evidence were submitted to the jury.

During the trial the defendant asked the Court to give the following instruction to the jury: "That if the jury shall believe the fire that burned the land of the plaintiff originated in a pile of cross-ties and that the pile of ties was off the right-of-way, then the burden of proof is upon the plaintiff to satisfy the jury, by a preponderance of the evidence, that the fire was communicated to the pile of ties by the engine of the defendant; [and even if the jury shall believe that the fire was communicated to the pile of ties by the engine of the defendant, then the plaintiff can not recover if the engine of defendant was in good order and repair and equipped with an approved spark-arrester for preventing the escape of sparks, and was managed and operated in a careful manner by a skillful and competent engineer, and the evidence on the part of defendant, as to this, is uncontroverted and not contradicted."] His Honor refused to give that part of the prayer embraced within brackets.

"It is admitted by the plaintiff that the engine was in good

condition and had a proper spark-arrester and was skillfully operated." With this admission, the question of negligence in having defective machinery is eliminated.

If sparks should escape such an engine as the above, properly handled, and should set on fire combustible matter along the right-of-way, the defendant would be liable for injuries resulting therefrom, not because the sparks escaped, but for allowing inflammable matter to remain on its premises; but if sparks from such an engine go beyond the defendant's right-of-way and ignite such matter, over which the defendant has no control, it would not be guilty of negligence in that respect, nor for the escape of the sparks. Or, if the fire originated outside the right-of-way from some other cause and communicated itself to the right-of-way and then to the plaintiff's premises, the defendant would not be chargeable with negligence.

The prayer refused embraced an inquiry for the jury, how and where the fire originated, and as it was not substantially given in any part of the charge, we think it was error to refuse it.

The plaintiff's brief says the pile of ties is not referred to in plaintiff's evidence. We do not know what that statement means. In the record we find several witnesses who speak of the burning ties in the edge of the woods outside of the right-of-way.

From our view, there is no need to examine into other questions made in the record until another hearing below.

New trial.