PHILLIPS v. RAILROAD

'(Filed April 4, 1905).

*Railroads—Proximate Cause—Fires—Damage—*
*Instructions.*

1. The question as to proximate cause. under all the circumstances is necessarily one of fact for the jury, under proper instructions.

2. The owner of premises is not bound to anticipate negligence of a railroad, and by way of prevention make provision against communication of fire.

3. The fact that the plaintiff's land did not adjoin the defendant's right of way and the fire necessarily traversed the land of several intermediate proprietors before reaching plaintiff's property did not per se absolve the defendant from liability, but was a circumstance to be weighed in considering whether the defendant's negligence was the proximate cause of the plaintiff's damage.

4. In an action for damages from fire set out by the defendant, if the fire caught on the defendant's right of way by reason of the defendant's negligence and spread across the lands of several intervening landowners to the plaintiff's land 2½ miles away, the defendant would be liable to the plaintiff for the damages sustained.

ACTION by B. P. Phillips and wife against Durham and Charlotte Railroad Company, heard by *Judge George W. Ward* and a jury at the January Term, 1905, of the Superior Court of MOORE County.

From a judgment for the plaintiff, the defendant appealed.

*W. J. Adams, U. L. Spence* and *J. D. McIver* for the plaintiffs.

*Guthrie & Guthrie* and *H. F. Seawell* for the defendant.

CLARK, C. J.   This is an action for damages alleged to have been sustained by fire negligently set by sparks from

defendant's engine falling on its right of way on which it had negligently permitted leaves and other inflammable material to accumulate, which fire had extended thence across the lands of intervening proprietors till it had reached and damaged plaintiff's premises which were two and a half miles distant in a direct line, and farther following the course and path of the fire. The engineer testified that he thought his engine had on a spark arrester the day of the fire but was not certain and another witness said positively that the engine had no spark arrester that day.

The question as to proximate cause, under all the circumstances, is necessarily one of fact for the jury, under proper instructions to the jury, and these we think the court gave in the following instructions, asked by the defendant: "It is not the duty of a railroad company to go off its right of way and premises to clear up rubbish from all lands adjoining and adjacent to its right of way, and it is not liable or chargeable with negligence for the spread of fire from its own right of way which was too remote for the railroad company to reasonably anticipate and expect such spread of fire in case sparks from its locomotive should accidentally set fire to adjoining lands."

"If sparks from a railroad locomotive should set fire to combustible material on the land of an adjoining land owner there is no liability for negligence on the part of the railroad company if it simply fails to prevent the spread of such fire to the lands and premises of more remote land owners."

"That the defendant is not liable if the jury shall find from the evidence that the burning of the plaintiff's property was a consequence not to be reasonably expected in the natural and usual courses of events from the act complained of, and if the jury shall so find they should answer the issue No. 2, 'no'."

"To render the defendant liable in this action the injury suffered by the plaintiff must have been the natural and

probable consequence of the defendant's negligence; such a consequence as under the surrounding circumstances of the case might or ought to have been foreseen by the wrongdoer as likely to result from his action."

"In considering whether or not the burning of the plaintiff's property was a natural and probable consequence of defendant's act in starting the fire, if you shall find that the defendant did start the fire, the jury should consider the distance to the plaintiff's property from the point at which the fire started, the condition of the intervening land with reference to combustible material thereon, the state of the wind, if they should find from the evidence that the same was unusual and extraordinary, and not to be expected for the locality and season, and, the probability or otherwise of the fire being gotten under control by property owners or others before it reached plaintiff's premises."

"That if the jury shall find from the evidence that the fire was caused by the ignition of combustible matter on the defendant's right-of-way by a spark from defendant's engine, and burned across the property of intervening land owners to plaintiff's property, which it burned, but that there intervened after the act of the defendant an unusual and extraordinary wind, a wind not to be expected in that locality and at that season, without which the plaintiff's property would not have burned, the defendant is not liable, and the jury should answer no to second issue."

"That if the jury finds from the evidence that the engine of the defendant on the occasion complained of was properly equipped with a spark arrester and the fire was not kindled on the right of way of the defendant, the defendant is not liable, and the jury should answer the second issue no, and the burden of showing that the fire started on the right of way is on the plaintiff."

"Even though the jury should find from the evidence that the defendant's right of way was not free from combustible

material, still the defendant is not liable unless they shall also find from the evidence that the presence of such combustible material was by the fault and negligence of the defendant, and further that it was the proximate cause of the injury and destruction of the plaintiff's property, and unless they so find they should answer the second issue 'no'."

"If the jury shall find from the evidence that the defendant exercised due and reasonable care and precaution to keep its right of way reasonably and properly clear of rubbish and other combustible material at the point where the fire is alleged to have originated, and without the knowledge or default of the defendant two trees were cut on adjoining lands and the limbs or laps were thrown upon the right of way and left there by other parties, and this conduct of third persons was the proximate cause of the injury to the plaintiff's property, the defendant is not liable, and the jury should answer the second issue 'no'."

There was no exception to the charge upon the first issue nor to the following:—

"That it is not the duty of a railroad company to clear up all of its right of way or to cut down all the bushes or trees, except so far as to make its track and road bed safe, nor to cut down all the growing shrubbery on its right of way, but a railroad company does owe to the public and the neighboring land owners the duty to keep its track and road bed clear of all such substances as are liable to be ignited by sparks and cinders, and also a railroad company must not only keep its track and road bed free from such inflammable substances, but it must go to the extent of keeping a reasonable distance of its right of way, beyond its track and road bed free from such substances, and whatever distance from its track or right of way that may be reasonably necessary in the exercise of ordinary care to prevent such inflammable and combustible substances being ignited by its engines must be kept free from them, and if the company fails in this duty

to the public it is liable in damages to those who are directly injured thereby, and if it is necessary to keep its entire right of way free from combustible substance to prevent ignition from engine sparks, then the whole right of way must be kept clear from these inflammable and combustible substances."

There was no exception to this instruction, nor to the following:—

"It is not negligence for a railroad company to fail to adopt and to use approved appliances merely because they are known and approved, and it is not its duty to keep a lookout for improvements and inventions and buy all such as are approved; nor is it the duty of a railroad company to equip its engines with the best approved devices and appliances for arresting sparks which tend to fly from its engines, but it is the duty of a railroad company to use proper spark arresters in its engines and to prevent the escape of iridescent sparks, and it is negligence not to adopt and use spark arresters in the engines which are in general use, and a railroad is liable in damages for any injury directly caused by failure to use approved spark arresters which are in general use."

"You must first ascertain whether or not the fire was caused by fire or sparks from the engine. The burden of proof is on the plaintiff to show this. If plaintiffs have not shown it that ends the case, and you should answer the second issue 'no', and if you find that the fire was occasioned by fire or sparks from the engine, then you must go further and inquire whether or not the defendant company has been negligent and also whether or not the damage to plaintiff, if you find she has been damaged, was proximately caused by such negligence; if so you should answer the second issue 'yes'."

To the following instructions, the defendant excepted:—

"If the jury shall find from the evidence, the burden being

on the plaintiff, that the defendant company permitted dead grass and straw and pine tops and an accumulation of inflammable and combustible matter to exist on its right of way so near the track as to collect fire from the engine, and it did collect fire from the engine and it became ignited by sparks from the engine, and the fire spread rapidly across the right of way and thence across the lands of several other persons to the *feme* plaintiff's property and destroyed her property, then this would be negligence on the part of the defendant, and if you find these to be the facts it devolves on the defendant to show that the engine was properly equipped with the usual and proper appliances to avoid doing injury from the escape of burning sparks, and if you find it was not thus furnished and the fire was conveyed from the smoke stack to the right of way and thence across the land of several other persons to *feme* plaintiff's land and destroyed her property and you find that this was the natural and proximate cause of the property of *feme* plaintiff being destroyed by fire, and that said injury suffered was the natural and probable consequence of said negligence and such as under the surrounding circumstances of the case might or ought to have been reasonably anticipated by the defendant as likely to result from its actions, then you will answer the second issue 'yes'."

"That upon all the evidence in this case, if you believe the same, you will answer the third issue 'no'."

"As to the fourth issue the court charged the jury as to the measure of damages, to which there was no exception, and among other things, further charged the jury that in estimating the amount of damages which plaintiffs are entitled to recover, if you find that they are entitled to recover damages, you can consider the evidence describing the property injured or destroyed, or any part of it *i. e.*, whether old or new, decayed or sound and from all the evidence, form your estimate of the damages which plaintiffs are entitled

to recover, if you find that they are entitled to recover damages; and where there is no evidence of the description of any of the property destroyed and where there is evidence of the value of the property destroyed, you may consider evidence of the value of said property in finding the value of same in estimating plaintiff's damages if you shall find that they are entitled to recover damages, but you are not required to accept the estimated value of the property destroyed or the amount of damages estimated by any witness."

We find no error in the above nor in the refusal of sundry prayers for instruction, which in substance asked the court to tell the jury: "That it was incumbent on the plaintiff to keep his premises in such order that if the defendant should negligently let fire escape, the premises of the plaintiff would not be endangered thereby; that the defendant not being able to keep trash off other premises than its own is not liable for damages by fire to premises to which the defendant could not reasonably expect the fire to spread; that if intermediate owners allowed rubbish to accumulate on their premises and the fire extended across such premises to the plaintiff's, the defendant was not liable; that if the plaintiff had allowed rubbish to accumulate upon her own premises by which the fire spread and injured the plaintiff, the defendant would not be liable; that negligence in starting a fire is not the proximate cause of the destruction of property on land which does not abut on the premises on which the fire started, but to which it spread across intervening land; that upon the whole evidence in this case the negligence of the defendant was not the proximate cause of the plaintiff's damage; that the burden was on the plaintiff to show that the engine was not equipped with a proper spark arrester and that on the evidence the engine was thus equipped; and that after the plaintiff's premises were threatened with fire, if they could with exercise of care and prudence have saved

from injury any part of the property but failed to do so, the defendant was not liable for such part." As to this last, there was no evidence to authorize the instruction asked, and the other prayers were properly refused, except so far as given in the charge or other special instructions. The owner of premises is not bound to anticipate negligence of a railroad, and by way of prevention make provision against communication of fire. 13 Am. & Eng. Enc. (2 Ed.) 482. *Hoag v. Railroad,* 80 Pa. St., 182.

The fact that the plaintiff's land did not immediately adjoin the defendant's right of way and the fire necessarily traversed the land of several intermediate proprietors before reaching the plaintiff's property, was a circumstance, with other circumstances mentioned in the instructions given to the jury, to be weighed in considering whether the defendant's negligence was the proximate cause of the plaintiff's damage; (and the charge fairly presents this view), but the fact that the plaintiff's land did not adjoin the right of way does not *per se* absolve the defendant from liability, if in fact the defendant's negligence was the proximate cause of the damage to the plaintiff's property; otherwise, the right to recover would depend solely upon whether the land set fire to by negligence of the defendant was held in large or small tracts. 13 A. & E. Enc. (2 Ed.) 450-454 and cases cited.

In *Black v. Railroad,* 115 N. C., 667, where, as here, the fire crossed the land of several intervening landowners before reaching and destroying Black's turpentine boxes, one and a half miles from the railroad track, the learned judge below told the jury that if the fire caught on the defendant's right of way by reason of the defendant's negligence, and spread "across the land of another person to the plaintiff's land, the defendant company would be liable to the plaintiff for damages sustained," and on appeal this instruction was the chief matter in contest, and was sustained, *Burwell, J.,* say-

ing that the law in this respect had been correctly and succinctly stated by the court below. Among many other cases to same purport, *Railroad v. Bales,* 16 Kans. 252; *Perley v. Railroad,* 98 Mass., 414; *Railroad v. Richardson,* 91 U. S., 454. In *Poeppers v. Railroad,* 67 Mo., 715, the fire spread eight miles, and in *Railroad v. McBride,* 54 Kans., 172, it spread ten miles, before reaching plaintiff's property, but it was held that the loss was not necessarily too remote.

The greater the distance from the defendant's track to the premises which are damaged, the greater the probability that intervening and independent causes might stop or extend the fire, and hence the less probability that the original negligence of the defendant is the proximate cause of the injury, but that is a matter for the jury under proper instruction, and the defendant has no cause to complain of those given in this case. *Railroad v. Hope,* 80 Pa. St., 373.

No Error.