S. HOCKFIELD v. SOUTHERN RAILWAY COMPANY.

(Filed 7 April, 1909.)

1. Pleadings—Admissions—Evidence.

When paragraphs of the answer, put in evidence by plaintiff, are complete in themselves, it is not error to exclude other paragraphs thereof, offered in evidence by defendant, containing distinct averments in its own interest.

2. Carriers of Freight—Consignee—Notice of Arrival—Principal and Agent.

Notice given by a carrier of the arrival of goods to a transfer company in the habit of hauling consignor's goods from the depot is not of itself sufficient notice to the consignee. The transfer company is the agent of the consignee only to the extent of the goods actually hauled by it.

3. Pleadings — Amendments — Conditions—Discretion of Court—Appeal and Error.

The trial judge may allow a plaintiff to amend his complaint and the defendant to amend its answer, restricting the latter from pleading the statute of limitations. His action is discretionary and not reviewable.

4. Carriers of Freight—Consignment Missent—Rebilled—Intrastate Shipment—Penalty—Interstate Commerce.

An interstate shipment of goods which was missent, bill of lading lost, and rebilled from one point in the State to another therein, is an intrastate shipment, and upon the carrier's violating the provisions of the Revisal, sec. 2633, the penalty therein accrues.

5. Carriers of Freight—Delay in Delivery—Interstate Commerce—Burden.

The penalty for failure of a common carrier to deliver freight, as prescribed by the Revisal, sec. 2633, shipped from beyond the State, after it has been unloaded from its cars and while in its depot, is constitutional and not a burden upon interstate commerce.

6. Carriers of Freight—Delivery—Wrongful Detention—Storage
   Charges.
   A carrier cannot enforce collection of storage charges arising
   from its wrongful refusal to deliver goods to consignee.

ACTION tried before *Jones, J.,* and a jury, at October Term,
1908, of DURHAM.

This was a civil action, instituted before a justice of the
peace. The plaintiff did not file any written complaint. The
summons required the defendant "to answer the complaint of
plaintiff for the nonpayment of $200 and interest from 21 Au-
gust, 1907, until paid—$97, value of box of pants shipped him
by Manhattan Pants Company, and $103, penalty for delay in
such case provided in section 2632, Revisal of 1905."

The defendant filed a written answer in the justice's court,
denying that it was indebted to plaintiff, and set up a counter-
claim for $25 for storage of the box of pants. The justice gave
judgment for $93, value of the goods, and $50. The case was
carried by appeal to the Superior Court. The plaintiff was
allowed to amend and allege that "the defendant received at
Durham, N. C., the box of pants addressed to plaintiff at Dur-
ham; that the defendant, upon the arrival of said box of goods
so addressed to plaintiff, as consignee, failed to notify plaintiff
of its arrival and the charges thereon, as required by section
2633 of the Revisal, and for such failure demands the sum of
$50 as penalty imposed by said section 2633 of the Revisal."

The jury responded to the issues as follows:

1. "What is the value of the case of pants shipped to plain-
tiff?" Answer: "Ninety-three dollars."

2. "Did defendant unlawfully refuse to deliver the case of
pants to plaintiff?" Answer: "Yes."

3. "Did defendant, upon the arrival of the case of pants,
notify plaintiff, the consignee, of the arrival and the charge for
transportation upon the same?" Answer: "No."

4. "What damage, if any, by way of penalty, is plaintiff en-
titled to recover of defendant?" Answer: "Fifty dollars."

5. "What amount, if anything, by way of counterclaim, for
storage, is defendant entitled to recover of the plaintiff?" An-
swer: "Nothing."

Judgment accordingly. Appeal by defendant.

*Manning & Foushee* for plaintiff.
*Guthrie & Guthrie* for defendant.

CLARK, C. J.   The plaintiff introduced two of the four para-graphs of the answer filed before the justice of the peace.   The defendant offered the other two paragraphs.   In *Lewis v. Rail-road,* 132 N. C., 382, it is said: "Where a paragraph of an answer admits a specific fact, and in another part of the same paragraph denies the allegations of the corresponding paragraph of the complaint, the plaintiff is entitled to introduce the admis-sion without introducing the part denying the allegations of the complaint."   Here the paragraphs of the answer put in evidence by the plaintiff were complete in themselves, and it was not error to exclude the distinct averments in its own interest made by the defendant.   It could put on evidence in support of them at the trial.   *Stewart v. Railroad,* 136 N. C., 385.

A transfer company was in the habit of hauling goods for plaintiff and others, but that only made it the agent of plain-tiff as to goods actually hauled.   There was no evidence that the transfer company was told to haul these goods, and it was not error to exclude a question asked of an agent of such trans-fer company to show notice given to him of plaintiff's goods being in the depot, when there was no evidence that such notice, if given, was communicated to the plaintiff.   The plaintiff testi-fied that he applied for the goods in person repeatedly.

The court allowed the plaintiff to amend its complaint and the defendant to amend its answer, but not to plead the statute of limitations.   The amendment did not set up a cause of action wholly different, but merely amended the complaint to claim the penalty of $50 under the Revisal, sec. 2633.   Such amend-ment was in the discretion of the court, as was also the refusal of an amendment pleading the statute of limitations.   *Parker v. Harden,* 122 N. C., 111; *Godwin v. Fertilizer Co.,* 123 N. C., 162.

The fourth exception is abandoned.   The fifth exception pre-sents the contention that this is an interstate shipment, and that the Revisal, sec. 2633, does not apply.   It is true that the ship-ment originated at Baltimore, Md., but it seems to have gotten

"missent," and left its route, which was *via* Dunn, N. C., thence over the Durham and Southern Railroad to Durham, N. C. The defendant's answer avers that by reason of said error or mistake the Atlantic Coast Line Railroad Company "rebilled" the goods from Selma to Durham over defendant's line, and that it received and transported the goods by virtue of said Selma to Durham bill of lading, and that the original waybill, or bill of lading, from Baltimore to Durham never came into its possession. Clearly this is an intrastate matter. But if it had been an interstate transaction the penalty imposed by the Revisal, sec. 2633, has nothing to do with interstate transportation, but deals only with the neglect of duty of the defendant after the transportation was fully completed and the goods lay in its warehouse—not in the cars at Durham. The plaintiff demanded his goods again and again, but the defendant would not make out its freight charges nor deliver the goods. The penalty laid by the Revisal, sec. 2633, has been held not a burden on interstate commerce (*Harrill v. Railroad,* 144 N. C., 532); and, indeed, the failure to deliver freight is not interstate commerce. *Morris v. Express Co.,* 146 N. C., 171.

Exception 6 is for refusal to permit defendant to amend its answer so as to plead the statute of limitations. This was a matter of discretion and not reviewable.

The defendant still has the goods, and the plaintiff has been sued by consignor and been forced to pay their value, with court costs added. There is no possible ground for defendant's counterclaim for warehouse charges on goods it wrongfully withheld and refused to deliver.

No Error.