JOHN D. McRAINEY v. VIRGINIA AND CAROLINA SOUTHERN
RAILWAY COMPANY.

(Filed 7 April, 1915.)

1. **Trials—Nonsuit—Evidence—Questions for Court—Questions for Jury.**
   The court is confined to the single inquiry, upon a motion to nonsuit upon the evidence, whether there is any legal evidence upon which the jury may render their verdict in the plaintiff's favor; and if there is, it is for the jury to pass upon its weight and sufficiency under the rule that the evidence must be interpreted most favorably to the plaintiff.

2. **Negligence—Circumstantial Evidence—Sufficiency.**
   Where negligence is alleged as the basis of an action it may be proven by circumstantial evidence, and while it must do more than raise a possibility or conjecture, the plaintiff is entitled to have it submitted to the jury if, after a fair consideration, the more reasonable probability is in favor of the plaintiff's contention.

3. **Same—Railroads—Fires.**
   In an action to recover damages for loss by fire alleged to have originated from a spark from the locomotive of defendant railroad company igniting combustible matter upon its rights of way and then passing to the plaintiff's lands, evidence of the defendant's negligence is sufficient to be submitted to the jury which tends to show that defendant's train

passed the place about three hours before the fire was first seen, the fire had burnt slowly two or three hundred yards in a swamp, and finally passing through to the plaintiff's lands, going in the direction of the wind and widening out from the defendant's roadway and indicating it had originated thereon; and that the only other evidence of a fire in that locality was a small one in the woods five or six days before.

APPEAL by plaintiff from *Cooke, J.,* at October Term, 1914, of ROBE-SON.

Action to recover damages for loss by fire, the plaintiff alleging that the fire escaped from the engine of the defendant and ignited combustible matter on its right of way and then passed to his lands, causing him damage. This was denied by the defendant.

At the conclusion of the evidence his Honor entered a judgment of nonsuit, and the plaintiff excepted and appealed.

*Sinclear & Dye for plaintiff.*
*McLean, Varser & McLean for defendant.*

ALLEN, J. In actions against railroad companies to recover damages caused by fire the plaintiff makes out a *prima facie* case which entitles him to have the issue of negligence submitted to the jury upon offering evidence tending to prove that the fire which caused him damage originated from the engine of the defendant (*Hardy v. Lumber Co.,* 160 N. C., 116), and therefore the only question presented by this appeal is whether there is any evidence that the fire of which the plaintiff complains originated from the defendant's engine and passed to his land, causing him damage.

We have no power to pass upon the weight of the evidence nor to determine whether it is sufficient to satisfy the jury, our duty being confined to the single inquiry as to whether there is any evidence which a jury ought to consider, giving the evidence the interpretation most favorable to the plaintiff, as we are required to do upon judgments of nonsuit.

Negligence may be proven by circumstantial evidence, and while it must do more than raise a possibility or conjecture, the plaintiff is entitled to have it submitted to the jury if, after a fair consideration of it, the more reasonable probability is in favor of the plaintiff's contention. *Henderson v. R. R.,* 159 N. C., 583.

In *Fitzgerald v. R. R.,* 141 N. C., 535, which was approved in the last case cited, the Court stated the rule as to the proof required as follows: "It is very generally held that direct evidence of negligence is not required, but the same may be inferred from facts and attendant circumstances; and it is well established that if the facts proved establish the more reasonable probability that the defendant has been guilty of actionable negligence, the case cannot be withdrawn from the jury, though the

possibility of accident may arise on the evidence. Thus in Shearman and Redfield on Negligence, sec. 58, it is said: 'The plaintiff is not bound to prove more than enough to raise a fair presumption of negligence on the part of the defendant and of resulting injury to himself. Having done this, he is entitled to recover unless the defendant produces evidence to rebut the presumption. It has sometimes been held not sufficient for the plaintiff to establish a probability of the defendant's default; but this is going too far. If the facts proved render it probable that the defendant violated its duty, it is for the jury to decide whether it did so or not. To hold otherwise would be to deny the value of circumstantial evidence. As already stated, the plaintiff is not required to prove his case beyond a reasonable doubt, though the facts shown must be more consistent with the negligence of the defendant than the absence of it. It has never been suggested that evidence of negligence should be direct and positive. In the nature of the case, the plaintiff must labor under difficulties in proving the fact of negligence, and as that fact is always a relative one, it is susceptible of proof by evidence of circumstances bearing more or less directly on the fact of negligence—a kind of evidence which might not be satisfactory in other classes of cases open to clear proof. This is on the general principle of the law of evidence which holds that to be sufficient and satisfactory evidence which satisfies an unprejudiced mind."

Applying this rule, we are of opinion there was some evidence as to the origin of the fire, which ought to have been submitted to the jury.

The fire occurred on 6 May, 1911, and there is evidence that the train passed the place where it was first seen at 10:45 a. m.; that the fire was not seen until 2 o'clock; that there was combustible matter on the right of way of the defendant; that the fire was where the railroad crosses the swamp; that when the witness who first went to the fire reached it the fire had burned up the swamp two or three hundred yards; that it burned slowly in the swamp and finally passed through it and onto the land of the plaintiff; that the wind was blowing from the railroad towards the plaintiff's land; that the fire had burned on the right of way of the defendant and then continuously to the plaintiff's land; that the fire widened as it passed from the right of way, and one witness stated, without objection, "that the fire looked like it started on the right of way," and another witness "that it widened after it left the railroad track something like 20 yards wide, burning on the right of way; that is, when it left the right of way the wind carried it directly away from the railroad." There was no evidence of any other fire near the place of the burning on that day, and the only reference to any other fire except that in the engine of the defendant was as to a small fire in a part of the woods five or six days before.

From these circumstances the inference may be drawn that the engine of the defendant set out the fire, and although the fact that the fire was not discovered for more than three hours after the engine passed weakens the force of the evidence, it is not of sufficient import to justify withdrawing it from the jury.

In *Caton v. Toler*, 160 N. C., 105, the fire smoldered in some stumps for twenty-four hours before being communicated to the plaintiff's land, and the case was submitted to the jury upon the question of the defendant's liability, which was answered, however, in favor of the defendant, and in *Deppe v. R. R.*, 152 N. C., 81, the time between the passing of the defendant's train and the discovery of the fire was variously estimated to have been from three-quarters of an hour to one hour and three-quarters.

We refrain from discussing the evidence further, as the case is to be tried before a jury, and an argument in support of the position that there is some evidence might be understood as an expression of opinion as to its weight.

New trial.