C. W. BROADFOOT v. ATLANTIC COAST LINE RAILWAY COMPANY.

(Filed 24 October, 1917.)

**Railroads — Negligence — Fires — Evidence—Questions for Jury—Trials— Burden of Proof.**

Evidence tending to show that a fire started on top of an embankment the height of a locomotive smokestack, and a short distance from the track, the wind blowing therefrom, soon after defendant railroad company's train had passed; that there was no other fire on the opposite side of the track, is sufficient to be submitted to the jury upon the defendant's negligence in setting out the fire; and if the jury should find accordingly, it would be incumbent on defendant to satisfy them that its engine was equipped with a proper spark-arrester, in good condition, properly operated by a competent engineer, and that the right of way where the fire started was reasonably clear and free from combustible matter.

CIVIL ACTION, tried before *Connor, J.,* at March Term, 1917, of CUMBERLAND, to recover damages for negligently burning over plaintiff's land.

At the conclusion of all the evidence, the judge intimated that he would charge the jury that there was no evidence of negligence. The plaintiff submitted to a nonsuit and appealed.

*Cook & Cook and John G. Shaw for plaintiff.*
*Rose & Rose for defendant.*

BROWN, J. Plaintiff testified that he was at home, about 1½ miles away, and saw the smoke in the direction of his land, which lay on the east side of the defendant railroad; that he went immediately to where the smoke was, and the fire was burning and smouldering on the east side of the railroad, on the right of way, on top of an embankment, which is about the height of the top of a smokestack of an engine, which evidently is only a few feet away from the track itself. The wind was blowing from the west to the east, in the direction of plaintiff's land, and carried the fire to and burned over this land. There was no fire on the west side of the track.

Another witness testified that he was not far away from plaintiff's land; that a train passed by, and about the time it had gotten out of hearing he noticed smoke on the right of way of the defendant. This was identified as the same fire that plaintiff had testified to.

We are of the opinion that the evidence is sufficient in probative force to be submitted to the jury for their consideration. If they are not satisfied by it that the fire was started on the right of way by sparks escaping from defendant's engine, the defendant would be entitled to a verdict. But if the jury should find that the fire was started in that manner, then it would be incumbent on the defendant to satisfy the jury that its engine was equipped with a proper spark-arrester, in good condition, properly operated by a competent engineer, and that the right of way where the fire started was reasonably clear and free from combustible matter. *Currie v. R. R.,* 156 N. C., 419; *Williams v. R. R.,* 140 N. C., 624.

The rule governing actions of this character is clearly stated in the latter case.

New trial.