ANSON G. BETTS AND WIFE, HATTIE BETTS; THE CITIZENS BANK, INC., AND J. C. RAMSEY, TRUSTEE, v. SOUTHERN RAILWAY.

(Filed 21 September, 1949.)

**1. Railroads § 7—**

Evidence tending to show that defendant railway company permitted the accumulation of dry brush, trash, leaves and grass on its right of way, with testimony of witnesses that fire broke out on the right of way immediately after defendant's engine had passed and within 12 or 15 feet of where the engine had been, and that the fire spread from the right of way to plaintiffs' adjoining land, *is held* sufficient to overrule motion to nonsuit in an action against the railroad company for damages for the fire.

**2. Trial § 22c—**

Inconsistencies or contradictions in the testimony of one of plaintiffs' witnesses does not justify nonsuit, the credibility of the witnesses and the weight to be given their testimony being in the exclusive province of the jury.

APPEAL by plaintiffs from *Clement, J.,* at March Term, 1949, of MADISON. Reversed.

*Carl R. Stuart for plaintiffs.*

*W. T. Joyner and Jones & Ward for defendant.*

DEVIN, J.    Plaintiffs instituted this action to recover damages for the burning over of their land by a fire alleged to have been caused by sparks emitted by one of defendant's locomotives. They alleged that their loss was due to defendant's negligence in that it permitted inflammable and combustible matter to accumulate on its right of way, and that live cinders and sparks emitted from one of its coal burning steam locomotives ignited dry leaves and grass on the defendant's right of way adjoining plaintiffs' land, and that the fire thus caused burned over a large area of their land. It appears that where the fire occurred and plaintiffs' land adjoined the right of way of the defendant, the general direction of the railroad is east and west, and that on one side of the track is the French Broad River, and on the other side mountains.

In the production of evidence to support their allegations, plaintiffs had the aid of two witnesses who testified that on the day the fire burned plaintiffs' land they were on a rock in the river engaged in fishing, and

20—230

from this vantage point they saw a heavy freight train drawn by defendant's engine proceeding east "pulling pretty hard around the curve," and that immediately after that train passed—indeed before the rear of the train had passed—they observed fire spring up on the right of way; that it caught in a patch of sage or dried grass, on top of a rock which juts out over the railroad. They testified the fire caught in 12 or 15 feet of where the smokestack of the engine had passed. Evidence was also offered tending to show there was a large accumulation of dry brush, trash, leaves and grass on the right of way, and that the fire which originated on the right of way spread and burned over plaintiffs' land. Defendant offered no evidence.

There was evidence of plaintiffs' title and of a negligently permitted accumulation of combustible matter on the right of way at this point, and we think the testimony of the fishermen, if accepted, was sufficient to raise the reasonable inference that this combustible matter on the right of way was ignited by a spark from defendant's engine. Hence plaintiffs were entitled to have their case submitted to the jury under the rule established by numerous decisions of this Court. *Moore v. R. R.,* 124 N.C. 338, 32 S.E. 710; *Williams v. R. R.,* 140 N.C. 623, 53 S.E. 448; *Knott v. R. R.,* 142 N.C. 238, 55 S.E. 150; *McRainey v. R. R.,* 168 N.C. 570, 84 S.E. 851; *Broadfoot v. R. R.,* 174 N.C. 410, 93 S.E. 932. True, another witness for plaintiffs gave evidence which was susceptible of being understood as supporting the view that the fire started elsewhere and burned down the mountain to the railroad, but inconsistent or even contradictory testimony from a witness will not justify a nonsuit if there be evidence from other witnesses sufficient to make out a case. *Poe v. Tel. Co.,* 160 N.C. 315, 76 S.E. 81; *Hadley v. Tinnin,* 170 N.C. 84, 86 S.E. 1017; *Chestnutt v. Durham,* 224 N.C. 149, 29 S.E. 2d 339. The credibility of the witnesses and the weight to be given their testimony were matters exclusively within the province of the jury.

The judgment of nonsuit will be vacated as having been improvidently entered.

Reversed.