R. W. GAINEY AND WIFE, EFFIE GAINEY, v. ROCKINGHAM RAILROAD
COMPANY, A CORPORATION.

(Filed 1 February, 1952.)

1. **Railroads § 7—Evidence that engine set fire in inflammable material
negligently permitted to remain on right of way takes case to jury.**

Evidence tending to show that defendant railroad company allowed its
right of way to become foul with weeds, broomstraw, etc., that immediately
after the passage of defendant's coal-burning engine a fire started in the
inflammable material on the right of way and spread to plaintiff's house
and destroyed it, with further evidence that cinders and hot ashes were
found on the right of way at the point where defendant's engine had
stopped, *is held* sufficient to be submitted to the jury on the issue of de-
fendant's negligence in permitting its right of way to become and remain
in such dangerous condition, and it is immaterial whether such negligence
caused the injury through sparks from the smokestack or live coals or
clinkers from the engine.

2. **Trial § 22a—**

On motion to nonsuit, every reasonable inference and intendment arising
from the evidence must be resolved in favor of plaintiff.

3. **Trial § 20—**

The weight of the evidence and the credibility of the witnesses are exclu-
sively within the province of the jury, and on motion to nonsuit the sole
duty of the court is to determine whether there is any evidence upon which
the jury can properly base a verdict.

APPEAL by defendant from *Clement, J.,* June Term, 1951, RICHMOND.
Civil action to recover damages for the destruction of plaintiffs' home
by fire as a result of defendant's negligence.
Plaintiffs charge defendant with negligence in the operation of its
locomotive and in allowing inflammable and combustible matter to ac-
cumulate and remain on its right of way.
Plaintiffs offered evidence tending to show substantially these facts:
Plaintiffs' residence was located approximately 100 yards east of de-
fendant's track. Defendant had allowed its right of way to become foul
with bushes, weeds, grass, broomstraw and broom sedge, which had grown
"waist-high . . . right up to the crossties. The weeds and grass was dry
when the house burned." The fire started about six inches or a foot on

GAINEY *v.* R. R.

the side next to plaintiffs' house and went from that point to the plaintiffs' house. Defendant's train, consisting of a coal-burning locomotive, two empty cars and a caboose, passed plaintiffs' home at about 10:30 o'clock on the morning of 25 March, 1950. The train was stopped a short distance from the tracks of the Seaboard Air Line Railroad for the switchman to make the necessary rail adjustment to allow defendant's train to cross. Immediately after defendant's train proceeded across the Seaboard tracks, fire was discovered by plaintiffs' son and some other boys within six inches or a foot of the crossties of defendant's track. Some of defendant's crossties were also burned. This fire ignited the dry weeds, grass and broom sedge which had been allowed to accumulate on defendant's right of way and was fanned by a 40 to 50 mile an hour westerly wind so that it spread through an uncultivated field which was overgrown with combustible material to the plaintiffs' house, where it kindled a blaze in the dry hens' nests under plaintiffs' house and completely consumed plaintiffs' residence and its contents. Plaintiff had the aid of witnesses who testified that hot embers, coals and ashes were seen on the right of way at the point where defendant's train stopped before crossing the Seaboard track. One witness testified: "The fire did not burn back over toward the Seaboard right of way that day. I saw cinders and ashes that were hot, just been let out. Started shifting and let them out of the engine; that is where I first saw the fire. That is where I saw the hot embers. The fire burned from there continuously up to the house." Sparks from the fire were blown a distance of 200 yards toward and past plaintiffs' house. There was no fire in the neighborhood before the train passed.

Defendant offered evidence largely in contradiction of that of plaintiffs. Upon this contradictory evidence, the jury rendered a verdict in favor of plaintiffs, and from the judgment entered on the verdict, defendant appealed, assigning errors.

*Jones & Jones for plaintiffs, appellees.*
*Bynum & Bynum and McLean & Stacy for defendant, appellant.*

VALENTINE, J. This appeal challenges the correctness of the court's action in overruling defendant's demurrer to the evidence and motion for judgment as of nonsuit.

Plaintiffs' evidence was abundantly sufficient to raise the reasonable inference that defendant had negligently allowed combustible material to gather and remain in large quantities on its right of way near its track in the vicinity of plaintiffs' property and that this inflammable material was ignited by sparks, coals and embers emitted from defendant's engine. This evidence makes out a case for the plaintiffs and was correctly submitted to the jury under proper instructions of the court and under the

rules established by many decisions of this Court. *Moore v. R. R.,* 124 N.C. 338, 32 S.E. 710; *Williams v. R. R.,* 140 N.C. 623, 53 S.E. 448; *Knott v. R. R.,* 142 N.C. 238, 55 S.E. 150; *McRainey v. R. R.,* 168 N.C. 570, 84 S.E. 851; *Broadfoot v. R. R.,* 174 N.C. 410, 93 S.E. 932; *Betts v. R. R.,* 230 N.C. 609, 55 S.E. 2d 76.

Our duty here is limited to the single question of determining whether there is any evidence for the jury to consider and upon which it could properly base a verdict. This requires an interpretation of the plaintiffs' evidence in the light most favorable to them. Every reasonable inference and intendment arising from the evidence must be resolved in favor of the plaintiffs before a nonsuit is in order. *Henderson v. R. R.,* 159 N.C. 581, 75 S.E. 1092; *Powell v. Lloyd,* 234 N.C. 481, 67 S.E. 2d 664.

Whether the fire originated from sparks emitted from the smokestack or from the live coals or clinkers dropped or thrown from the fire box is of no consequence. If the defendant permitted its right of way to become and remain in a dangerous condition and if the combustible material on its right of way caught fire from sparks or live clinkers blown, thrown or dropped from defendant's engine and if the fire so ignited burned through the inflammable material on defendant's right of way and from there spread to other combustible material so that it passed or was blown to and burned the plaintiffs' residence, the defendant was guilty of such negligence as renders it liable for the damage sustained by plaintiffs. *Knott v. R. R., supra; Aycock v. R. R.,* 89 N.C. 321; *Phillips v. R. R.,* 138 N.C. 12, 50 S.E. 462; *Simpson v. Lumber Co.,* 133 N.C. 95, 45 S.E. 469; *Betts v. R. R., supra.*

The evidence of the plaintiffs tended to show negligence in that the combustible material which defendant had allowed to accumulate and remain on its right of way was ignited by the live embers, coals and cinders dropped from defendant's locomotive, which fire spread directly to and destroyed plaintiffs' residence and its contents. The weight and sufficiency of this evidence as well as the credibility of the witnesses are questions exclusively within the province of the jury. *In re Will of Morrow,* 234 N.C. 365, 67 S.E. 2d 279.

Measuring the evidence of plaintiffs by the rules laid down by the court, we reach the conclusion that plaintiffs' evidence made out a case for the jury and the motion for judgment as of nonsuit was properly overruled. The other exceptions are formal and require no discussion.

In the trial of the case in the court below, we find

No error.