# THE ROCKFORD, ROCK ISLAND & ST. LOUIS R. R. Co.

*v.*

# EDWARD ROGERS.

1. NEGLIGENCE—*injury by fire from locomotive.* Where a railroad company suffered a heavy growth of dry grass to remain on its right of way through plaintiff's premises, and fire was communicated from the locomotive of a freight train, while laboring to ascend a heavy grade, to the grass and weeds in the right of way, and from thence communicated to the fences and grass of plaintiff, which was destroyed : *Held,* that the company was guilty of negligence, and that the plaintiff was entitled to recover.

APPEAL from the Circuit Court of Madison County.

Mr. LEVI DAVIS, for the appellant.

Mr. CHARLES P. WISE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case, brought by appellee in the Madison circuit court against appellant. The declaration contained two counts, and proceeds for the recovery of damages to the fences and grass burnt by the negligence of the company in failing to keep their right of way through appellee's farm free from dry grass and weeds, which took fire from

their locomotives, and was thereby communicated to appellee's fences and grass, which was injured and destroyed to his damage.    Both counts are substantially the same; the company pleaded the general issue; a trial was had, resulting in a verdict in favor of appellee, for four hundred dollars damages, upon which judgment was rendered, and the company appeals to this court.

The only question raised by appellant is, whether the evidence shows negligence of the company.    There seems to be no doubt that there was an undergrowth of grass on the ground, which had grown the previous fall, and which had not been burnt off or otherwise removed.    It appears to have been meadow on both sides of the road up to the track, and that the fire communicated from the passing train, and the jury have found that it was from the engine, and not from fire-crackers thrown by passengers from the train.

It also appears that there is a heavy grade at the place of the accident, which the train was ascending, and we think the evidence shows the locomotive was laboring to get up, on account of the heavy freight and passenger train attached; and if so, there would be more fire thrown out than when the train is light and the engine works easily; this, with the right of way foul, would greatly enhance the danger of communicating fire; this would seem to be apparent to all prudent persons, and would necessarily call for greater diligence on the part of the company.    The evidence shows that the fire caught in the grass on the right of way of the company, and communicated from that to the meadow, owing to the heavy growth of grass, which seems to have burnt with violence notwithstanding the season of the year.

If, then, the fire originated on the right of way, and the weight of evidence is that it did, then had the company taken the precaution to burn it off early in the spring the injury would not have occurred; and the act of March 29, 1869 (Sess. Laws, 312), declares that when fires shall be communicated from passing trains and locomotives, it shall be taken as full *prima facie* evidence to charge the railroad com-

pany with negligence; this law was in force and applied to this company, and there is no evidence to rebut the presumption of negligence created by the statute; on the contrary, the evidence tends strongly to establish negligence that should charge the company. The jury were fully warranted by the evidence in finding as they did, and the judgment must be affirmed.

*Judgment affirmed.*