GEORGE R. TROXLER *v.* THE RICHMOND & DANVILLE RAIL-ROAD COMPANY.

It is negligence in a Railroad Company to place near its track and suffer to remain there, a pile of old, dry, combustible sills, which, being set on fire by one of the company's engines, communicated the fire to the fence of the plaintiff which was thus burned.

And although there was an intervening fence between the pile of sills and the plaintiff's fence, to which it was joined, which intervening fence caught and was burned, and from which the plaintiff's fence was directly fired, still, if the burning of the sills was the cause of the intervening fence catching fire and the same was directly set on fire by the engine itself, the plaintiff is entitled to recover.

It is no good cause to set aside the verdict of a jury, on the ground, such verdict did not specifically respond to the issues, when the issues (in writing) were handed to the Judge by the defendant's counsel, after the charge of his Honor was concluded, and the jury had risen to retire; and especially when his Honor, after reading aloud the issues, handed the paper to the jury, who did not return it, but whose verdict substantially covered such issues.

CIVIL ACTION, to recover damages for the burning plaintiff's fence, tried at December Term, 1875, of GUILFORD Superior Court, before his Honor, Judge *Kerr.*

On the trial in the court below, the plaintiff, examined as a witness, testified: That on the 9th of April, 1873, about one hundred panels of his fence was destroyed by fire; that the fence was joined to another fence at nearly a right angle, which latter began about a rail's length from a cattle guard on defendant's road, thence running west for a short distance, when an angle was made, and thence north, bearing away from the line of raid road, which at that point ran northeast and southwest, until it reached the junction with plaintiff's fence, distance about one hundred panels. As to this last one hundred panels, it was stated that the same was on the land of one Chilcut, who said that the fence belonged to the plaintiff; for this reason the plaintiff claimed it; but his Honor held that he had shown no title to this part of the fence, and could not recover damages for its loss. In the opinion of the plaintiff the damage caused by the destruction of the other portion of his fence, amounted to twenty-five dollars.

One Vanstory, in behalf of the plaintiff, stated that he was at work in a field on the south side of the railroad, on the morning of the said 9th of April, 1873, and that about 10 or 11 o'clock, A. M. the freight train of the defendant passed going to Greensboro; that after it passed and before it was out of sight, he observed fire blaze up at or near the cattle guard; that he at once went to the spot, and found the grass, which had blown up in great quantities around a pile of old sill near the track, and between that track and the fence, as also the sills, all on fire, and the fire making out towards the fence; and that both the sills and fence were consumed.

On his cross-examination, the witness stated, that the fence was an old fence opposite the pile of sills; that he could step over it in places, and that it was grown up with briers and bushes, and that a quantity of what is known as "tickle grass" had accumulated against the fence, as well as around and against the said pile of sills. The witness denied that he had ever stated that there were no sills there.

Other witnesses were examined for the plaintiff, who testi-fied, that on the morning aforesaid, other fires at different points were caused by the same freight train ; that they saw the fire at the cattle guard, and that they had noticed the pile of old sills spoken of, and that they were rotten, dry, very conbusti-ble and easily ignited by a spark ; and that they were burned on the occasion spoken of.

On behalf of the defendant, one Gibbs testified, that he was an employee of defendant in the shop near Richmond, and examined all engines which were going out on a trip, and on their return ; that, hearing of this fire, he examined this en-gine particularly when it returned to Richmond, and found it in complete order, including smoke stack, spark arrester, &c. Witness described the spark arrester and its use. Stated on his cross-examination, that spark arresters from long, continued use, would wear out. (The engine was purchased from the United States in 1865.)

Mark Adams for defendant testified, that he was an engin-eer in defendant's employ at the time mentioned and still is ; that he did not think he ran the freight train on the occasion of the fire alluded to, still if he was running that train, the engine was in good order ; he always examined his engines before starting on a trip. On his cross-examination, he stated that he considered spark arresters a sure preventive against the escape of sparks, though sparks could sometimes be thrown out from ash pans, but they could not get outside the rails.

The section master on that part of the road, stated in his evidence for defendant, that there was no pile of sills at the place spoken of by the witness, Vanstory and others ; that there was a pile about seventy-five yards south of the place, and another about one hundred yards north ; that he knows the place described by Vanstory, but he has never seen any charred ends of sills or ashes there ; that he goes over his section nearly every day, never permitting more than two days to pass with-out inspecting it. This witness further testified, that he had

heard Vanstory make a statement contrary to his testimony on this trial, as to where the fire originated. On his cross-examination, the witness stated, that he did select one William Pritchett, on the part of the road, to act with one Rankin, in assessing plaintiff's damage for the burning of his fence, and to report the same to the authorities; that he stated in that report, that the burning was caused by defendant's engine; that he is accustomed to report all losses, whether of stock killed or anything else.

It was also in evidence, that it was a very dry time, and and that the said 9th of April, 1873, was a very windy day, and that the wind blew from south-east to north-west.

The plaintiff insisted that the defendant was guilty of negligence; in the first place, because from the large number of fires kindled by the engine in its wake on that day, it was evident that the engine was not in a proper condition to prevent the emission of sparks; and in the second place, that the placing by defendant, near the track, of a pile of old, dry, combustible sills, in which the fire first ignited, or around which much dry and combustible grass and other material had accumulated and ignited from the sparks, was negligence.

The defendant in reply contended:

1. That the fire did not catch from the engine.

2. That the Railroad Company was guilty of no negligence.

3. That the plaintiff was guilty of contributory negligence.

His Honor instructed the jury, that if from all the evidence they believed that on the 9th day of April, 1873, the engine of the defendant was supplied with a proper spark arrester, and that the same was in good order, the defendant was not guilty of negligence so far as the engine was concerned; and further, if they believed that the fire from the defendant's engine first ignited the fence, connecting with the fence of the plaintiff as stated, and was communicated to plaintiff's fence, the defendant was guilty of no negligence. But if they believed that the defendant had placed near its track a pile of

old, dry, combustible sills, and that the fire from the engine first ignited the sills, and was communicated thence to the fence near by, and thence to the plaintiff's fence, the defendant was guilty of negligence.

At the conclusion of his Honor's charge, and while the jury had risen to retire, the defendant's counsel asked the court to submit two other issues to the jury, at the same time handing his Honor a paper containing said issues, which his Honor read aloud and handed to the jury. This paper was not returned by the jury with their verdict. The verdict was returned to the Clerk in the following form: " We find the fire was caused by sparks from defendant's engine ; that the defendant was guilty of negligence ; and we assess the plaintiff's damage at fifteen dollars."

The case states that at the re-opening of the court on Monday morning—the jury who rendered the foregoing verdict having been discharged—the counsel for the defendant presented to the court the following paper :

" Was there a pile of sills between defendant's track and the fence, at the place of the fire ?   Answer :"

" Did the fire ignite in the sills (if there was such pile,) or in the fence ?   Answer :"

Which paper his Honor stated was substantially a copy of that handed to the jury.

Defendant's counsel then moved to set aside the verdict, or to adjudge that it was no verdict, because the jury had failed to respond to the written issues submitted to them. Motion refused, and defendant excepted.

Defendant's counsel then moved to set aside the verdict as being contrary to the weight of the evidence as to negligence ; motion again refused.

Said counsel then moved for judgment in favor of defendant, *non obstante veredictu*, on the ground that the plaintiff was guilty of contributory negligence, and therefore could

.not recover. Motion refused by the court, and defendant again excepted.

The plaintiff had judgment in accordance with the verdict, and the defendant appealed.

*Morehead*, for appellant.
*Dillard & Gilmer*, contra.

READE, J. I. His Honor charged the jury that "if the defendant had placed near its track a pile of old, dry, combustible sills, and that fire from the defendant's engine first ignited the sills and thence the plaintiff's fence was burned, then the defendant was guilty of negligence."

The correctness of this charge is too plain for controversy.

II. Admitting that to be so, still the defendant insists that plaintiff was guilty of contributory negligence, and therefore was not entitled to recover.

It is not stated in what the alleged contributory negligence consisted, but there was evidence that the pile of old sills caught fire and communicated fire to a fence, near by, which was connected with it, a good distance off; and that the intermediate fence was old and was grown up with grass, and was highly combustible. And we suppose that the alleged contributory negligence consisted in the plaintiff's joining his fence to that. But the defendant has no right to complain; for his Honor charged that if the fire caught that fence from the engine, then the plaintiff could not recover. So that the amount of the finding of the jury is that the burning resulted solely from the old sills.

III. After the testimony and the arguments of counsel and the charge of the Judge were all closed, and the jury had risen to retire, the defendant's counsel handed up to his Honor two issues in writing, and requested him to submit them to the jury. His Honor read the issues aloud and handed them to the jury; and the jury did not return the paper and did not

*specifically* respond to the issues. And for this the defendant insisted that the verdict should be set aside. His Honor knew better than we, what consideration to give to such irregular practice. The defendant certainly had no right to complain that he did not give enough. If the issues were embraced in what had been already submitted to the jury, he had no right to have them repeated. And if they were new issues, he had no right to have them made then. It appears, however, that said issues were, as to whether the pile of sills were there, and whether there was contributory negligence. Both of which had been fairly submitted to the jury, and although they did not return the paper, yet their verdict covered the issues.

There is no error.

PER CURIAM. Judgment affirmed.