AMANDA MATTHEWS v. METROPOLITAN LIFE INSURANCE COMPANY.

(Filed 15 April, 1908).

1. Insurance—Principal and Agent—Premium—Receipt—Ratification—Money Accepted.

　　The company waived the following provisions in a policy of life insurance: "Premiums are payable at the home office, but at the pleasure of the company suitable persons may be authorized to receive such payments at other places, but only on the production of the company's receipt, signed by the president," etc., when the money for the premium was paid the agent under different conditions and was remitted to and received by the company, which knew the purposes for which it was paid, and kept the money with such knowledge.

2. Same—Official Receipt.

　　When the insurance company has received from the insured and retained the money for his premium on a life insurance policy paid to its agent, but the agent did not tender and the insured did not receive the "official" receipt therefor, it was the fault of the agent that he did not give the receipt in literal compliance with the requirement of the policy, and the company, by retaining the money for the premium, with notice, waived all irregularity as to the form of the receipt.

3. Insurance—Premium Notice—Foreign Statute Inapplicable—Harmless Error.

　　When, under objection, the New York statute was introduced and admitted in evidence for the purpose of showing that notice of the maturity of premiums should have been given, it was harmless error, if error at all, when by a subsequent ruling of the court the law was held inapplicable, as the objection was eliminated from the case by the subsequent ruling.

4. **Evidence—Witnesses—Statements—Corroborative.**

> Testimony of witnesses that the beneficiary under a policy of life insurance sued on said to them that she had paid the premiums on the policy is competent in corroboration of the testimony of the beneficiary to that effect, when it is relevant to the inquiry.

ACTION tried before *W. R. Allen, J.,* and a jury, at September Term, 1907, of DURHAM.

This action was brought to recover $500, it being the amount of an insurance policy issued 8 November, 1905, by the defendant on the life of Roger Matthews, the husband of the plaintiff, for her benefit. The insured died in November, 1906. It is unnecessary to set out the evidence or charge of the court, as the facts and the questions raised in the case are sufficiently stated in the opinion of the Court.

The court submitted the following issues to the jury:

"1. Was the premium due 8 August, 1906, paid on or before that date to the agent of the defendant?" Answer: "Yes."

"2. If so, was said premium remitted to and received by defendant?" Answer: "Yes."

"3. If so, did said agent have authority to collect said premium, and did he have in his possession the official receipt of defendant?" Answer: "Yes."

"4. If so, did said agent deliver said official receipt?" Answer: "No."

"5. Was the premium due 8 November tendered to the agent on or before 8 November, 1906?" Answer: "Yes."

"6. If so, did said agent refuse to accept the same?" Answer: "Yes."

"7. Is defendant indebted to plaintiff, and if so, in what sum?" Answer: "Four hundred and sixty-eight dollars and sixty cents, from 12 December, 1906."

All of the issues were answered by the court, as set out in the record, by consent of the parties, except the first and fifth issues, which were submitted to the jury. Judgment was

entered upon the verdict. The defendant appealed and assigned the following errors:

1. That the court admitted in evidence the receipt for $5 as part payment of the premium on the policy of Roger Matthews due 8 August.

2. That the court admitted the New York insurance law (section 92 of the Laws of 1896).

3. That the court permitted the witness J. S. Hall to testify as to the conversation with Mrs. Matthews relative to the payment of the premium on her husband's policy.

4. That the court refused to set aside the verdict and grant a new trial.

*Winston & Bryant* for plaintiff.
*Giles & Sykes* for defendant.

WALKER, J.   There was evidence in the case sufficient to sustain the verdict of the jury, provided there is no error in the rulings of the court to which the defendant excepted. The policy provides as follows: "Premiums are payable at the home office in the city of New York, but at the pleasure of the company suitable persons may be authorized to receive such payments at other places, but only on the production of the company's receipt, signed by the president or secretary and countersigned by the person receiving the payments." Counsel argue from this provision that no receipt for a premium was admissible as evidence of its payment unless it strictly conformed to this requirement of the contract of insurance. We do not think so. It must not be understood, though, that we consider the provision an invalid or immaterial one. *Insurance Co. v. Davis,* 95 U. S., 425. The jury have found upon competent evidence and under proper instructions that the premium due 8 August, 1906, was paid to the agent of the defendant, who was authorized to collect it, and that the money was remitted to the defendant and received by it. The stipulation in the policy as to the mode of

payment and the form of the receipt for the premium can have no application where the money is actually received and appropriated by the company, knowing that it was intended as a payment of the premium, as the provision was intended only to protect it against unauthorized payments to local agents or collectors. *Bishop v. Life Insurance Co.,* 85 Mo. App., 302. It cannot be either morally or legally right for the company to insist on keeping the money paid for the premium and then deny the authority of the agent to receive it because a receipt was not given in literal compliance with the requirement of the policy. It was the agent's fault that the "official" receipt was not delivered to the insured, and his wrong should not be imputed to the plaintiff so as to deprive her of the insurance. By receiving and retaining the money the defendant clearly waived the benefit of the stipulation as to the form of the receipt. Vance, in his work on insurance, at pp. 201, 202, says: "Usually the premium is required to be paid at the home office or to the agent in possession of a properly executed receipt. Such a stipulation must be strictly complied with, but the payment of a premium to an agent not authorized to receive it will be sufficient if the premium money actually comes to the hands of the insurer." See, also, Joyce on Insurance, sec. 1167; *Mauck v. Insurance Co.,* 54 Atl. Rep., 952.

The New York statute was introduced by the plaintiff and admitted by the court for the purpose of showing that notice of the maturity of premiums should have been given. But the court afterwards ruled that the law was not applicable to policies issued in this State, so that the objection to the admission of this evidence was thus eliminated.

The testimony of J. S. Hall and Charles Matthews was competent as corroborating Mrs. Matthews, who had testified as to the payment of the premiums. What she formerly said to them was clearly admissible for this purpose, and the court

restricted the evidence within proper limits under Rule 27 of this Court.    140 N. C., 662.

We have carefully examined the case and find no error in the rulings at the trial.

No Error.