CLARA ELLIOTT v. NORFOLK SOUTHERN RAILWAY COMPANY.

(Filed 16 September, 1914.)

1. Carriers of Passengers—Flag Stations—Failure to Stop—Tickets —Negligence—Interpretation of Statutes.

A passenger on a railway train is entitled, as a matter of right, to have the train stop at a station to which he has purchased his ticket; and where his destination is a flag station at which the train fails to stop, attributable to the neglect of the conductor in failing to take up the passenger's ticket in time, the railroad company is answerable for the consequent damages. Revisal, sec. 2611.

2. Evidence—Corroboration.

Where there is pertinent evidence, upon the measure of damages in an action for a personal injury, that since the time of the negligent act complained of the plaintiff suffered with rheumatism, which she had never had before then, testimony of her family physician that he had not heard her complain before of having rheumatism is competent as corroborative.

3. Same—Trials—Requests—Appeal and Error—Objections and Exceptions.

An exception that the court did not limit the admission of corroborative evidence to its corroborative character must be taken to the refusal of the court to so limit it upon appellant's request;

and where the record is silent in this respect, it is presumed on appeal that this was properly done by the trial court.

APPEAL by defendant from *Ferguson, J.,* at January Term, 1914, of PERQUIMANS.

This is a civil action, tried upon these issues:

1. Was the plaintiff injured by the negligence of defendant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff, by her own negligence, contribute to her said injury? Answer: No.

3. What actual damage, if any, is plaintiff entitled to recover? Answer: $300.

From the judgment rendered the defendant appealed.

*P. W. McMullan for plaintiff.*
*Small & MacLean, Bragaw & Rodman for defendant.*

BROWN, J. It is in evidence that on 11 February, 1914, about 11 p. m., the plaintiff purchased a ticket at Elizabeth City for Winfall and took a seat in the defendant's train passing through Elizabeth City for Winfall and the south that night. It appears that Winfall was a flag station, but the plaintiff had no knowledge that it was; she had frequently ridden on this night train from Elizabeth City to Winfall, and the conductor had always taken up her ticket before reaching Winfall; the train had always stopped there for her to alight.

The plaintiff further testified that the train made no stop at Winfall, but did stop at a station known as Okisko, making no other stop between Elizabeth City and Hertford. Consequently the plaintiff did not know when the train passed Winfall. She had her ticket in her hand, but nobody called on her for it. She listened for the conductor or porter to call out "Winfall," and relied on the conductor to come back and take up her ticket, as had always been done before. The conductor passed backward and forward through the car, seeming to be in a hurry. It was a cold, snowy night, and the only light at Hertford was from the snow.

There was no depot at Hertford, as it had been burned down. She had to get off in the snow at Hertford and remain there

until some one came up and spoke to her. The plaintiff then testifies as to her condition, situation, suffering, and the consequences which befell her on account of such exposure. There was contradictory evidence. Upon this testimony, we think the court properly overruled the motion to nonsuit.

It is the settled law of this State that where a common carrier receives a passenger upon its train, with a ticket calling for a certain station, it is the duty of the railroad company to stop the train at such station, even though the passenger did not know that this particular train did not stop at such station.

In this case Winfall was a flag station and the plaintiff held a ticket for Winfall. It was the conductor's duty to take up that ticket, and if he had done so he would have discovered that the plaintiff was a passenger for Winfall, and it would have been his duty to stop such train at such station to let the plaintiff alight.

The statute provides (Revisal, sec. 2611) that passengers shall be put off at the destination to which they have paid, or for which they may have received tickets, and that the carrier shall be liable to the party aggrieved in an action for damages for any negligence or refusal in the premises.

In Thompson on Carriers, sec. 66, it is stated: "Carrying a passenger beyond his destination in disregard of his request to be put off there will afford a good ground of action, and this though no bodily harm, mental suffering, insult, oppression, or pecuniary loss be shown." *Hutchinson v. R. R.,* 140 N. C., 124.

It is true that the plaintiff made no request to be put off at Winfall, but it was not her duty to hunt up the conductor and tell him to what station she was bound. It was his duty to take up her ticket, and then he would have known the station to which she had purchased a ticket.

The defendant excepts because Dr. Sharpe was asked the following question: "What complaint, if any, had you ever heard her make about having rheumatism before that?" The plaintiff had testified that she had never had rheumatism before the night complained of, but that since the exposure in the

snow the night that she was put off at Hertford, she had contracted it, and suffered with it constantly.

Dr. Sharpe had testified that since that night she had complained a great deal of rheumatism, and he had treated her for it, as her family physician. Such testimony was competent to corroborate the plaintiff's own evidence that she had suffered from rheumatism ever since that particular night. In any event, the defendant having failed to request the court to limit the testimony elicited to corroboration, cannot complain now. Rules of the Supreme Court, No. 27.

It is true that, considering this testimony as corroborative only, it was the duty of the court, at the time of its admission, to limit its purpose and explain its nature to the jury. But in the absence of a contrary showing in the record the court is presumed to have done this. *S. v. Parker,* 134 N. C., 209.

We have examined the other exceptions taken in the record, together with the charge of the judge, and find the exceptions to be without merit. In his charge his Honor presented the case very fully and clearly to the jury, and followed the well settled decisions of this Court. The judgment is

Affirmed.