PATTIE W. PERRY v. BRANNING MANUFACTURING COMPANY.

(Filed 18 September, 1918.)

1. **Negligence—Fires—Prima Facie Case—Burden of Proof.**

   Where there is evidence tending to show that damage by fire to plaintiff's land had been caused by defendant's engine, a *prima facie* case of negligence is made out, shifting the burden of proof on the defendant to show that the fire was not due to any defective condition of the engine or to any negligence of its employees in its management or operation.

2. **Evidence — Corroboration—Instructions—Requests—Appeal and Error—Rules of Court.**

A witness may testify to statements he had made to the defendant's agent when in corroboration of his testimony; and where the record states that it was confined to that purpose, or there was no request made that it be so confined, it will not be considered as reversible error on appeal. Rule 27, 164 N. C., 438.

3. **Negligence—Evidence—Fires—Defective Engines.**

Where there is evidence tending to show that defendant's engine set out fire to the damage of the plaintiff's land, testimony of a witness that he had seen the same engine casting sparks a number of times before the fire started is competent.

4. **Appeal and Error—Evidence—Prejudice—Harmless Error.**

Testimony that is irrelevant, uncertain, and indefinite, and which does not appear to have prejudiced the appellant's right, and which could not have influenced the verdict, will not be considered as reversible error on appeal, nor will unanswered questions be so considered unless it is in some sufficient way made to appear to the court that their exclusion was prejudicial to his rights.

ACTION tried before *Kerr, J.,* and a jury, at February Term, 1918, of BERTIE.

The action was brought to recover damages for the negligent burning of timber and other property on plaintiff's land. There was evidence tending to show that the fire was set out on the land by the defendant and came from the latter's engine. The court charged that if the fire was caused by the defendant's engine emitting sparks or coals, which fell upon the plaintiff's land and caused the fire, the burden would be shifted to the defendant to show that the fire was not due to any defective condition of its engine, nor to any negligence in its management or operation. There were other instructions, to which no exceptions were taken. Certain questions of evidence are raised which will be noticed in the opinion. The jury returned a verdict for the plaintiff on the issue as to negligence, and assessed her damages at $2,800. Judgment was entered upon the verdict, and defendant appealed.

*Winborne & Winborne and Gilliam & Davenport for plaintiff.*
*Pruden & Pruden and Winston & Matthews for defendant.*

WALKER, J., after stating the case: There was ample evidence to show that the fire was caused by the defendant's engine, and the charge of the court, as to the burden of proof, is fully sustained by numerous cases heretofore decided in this Court. We will cite only a few of them: *Knott· v. R. R.,* 142 N. C., 238; *Williams v. R. R.,* 140 N. C., 623; *Whitehurst v. R. R.,* 146 N. C., 591; *Cox v. R. R.,* 149 N. C., 86; *Currie*

*v. R. R.,* 156 N. C., 419; *Aman v. Lumber Co.,* 160 N. C., 369, and the recent case of *Mears v. Lumber Co.,* 172 N. C., 289, where the subject is fully discussed and many authorities cited, the entire trend of which is strongly against the defendant's contention in this appeal. We held in those cases that the authorities place the burden on the defendant to rebut the presumption of negligence, arising from proof connecting it with the origin of the fire, by evidence which will satisfy the jury that the engine was properly equipped, that competent men were in charge of it, and that it was prudently operated; "and necessarily the burden of the issues embracing these facts alone is on the defendant." *Currie v. R. R.,* 156 N. C., 423, where it is said that the presumption of negligence arising from the fact of setting out the fire which caused the burning is one of fact and not of law, and is itself evidence of negligence; and, further, that the evidence in the case should be submitted to the jury to find the ultimate fact in connection with the presumption of evidence and the burden which is imposed upon the defendant or person against whom the presumption arises. We said in *Kornegay's case, supra:* "When it is shown that the fire originated from sparks which came from the defendant's engine, the plaintiff made out a *prima facie* case, entitling him to have the issue as to negligence submitted to the jury, and they were justified in finding negligence, unless they were satisfied, upon all the evidence in the case, that in fact there was no negligence, but that the defendant's engine was equipped with a proper spark-arrester and had been operated in a careful or prudent manner." The reason for the presumption in such a case was well stated by *Chief Justice Smith,* in *Aycock v. R. R.,* 89 N. C., 329, which was approved by the Court, through *Justice Burwell,* in *Haynes v. Gas Co.,* 114 N. C., 203, and in many subsequent cases, as follows: "A numerous array of cases are cited in the note (*R. R. v. Schurtz,* 2 Am. & Eng. R. R. Cases, 271) in support of each side of the question as to the party upon whom rests the burden of proof of the presence or absence of negligence, where only the injury is shown, in case of fire from emitted sparks, while the author favors the class of cases which impose the burden upon the plaintiff, we prefer to abide by the rule so long understood and acted on in this State, not alone because of its intrinsic merit, but because it is so much easier for those who do the damage to show the exculpating circumstances, if such exist, than it is for the plaintiff to produce proof of positive negligence. The servants of the company must know and be able to explain the transaction, while the complaining party may not; and it is just that he should be allowed to say to the company, 'You have burned my property, and if you are not in default, show it, and escape responsibility.'" It is said in *Moore v. R. R.,* 173 N. C., at p. 313: "There is no difference of opinion as to the law applicable to this case. It is settled that if the

plaintiff has introduced evidence sufficient in probative force to justify a jury in finding that the fire was caused by a spark from defendant's engine, the issue should have been submitted, the weight of the evidence being a matter for the jury. In such case the defendant is called upon to prove that its engine was properly equipped and operated. If so equipped and operated, there is no negligence or liability upon the part of defendant," citing *Williams v. R. R.,* 140 N. C., 624; *Aman v. Lumber Co.,* 160 N. C., 371; *McRainey v. R. R.,* 168 N. C., 571. We therefore hold that the charge of the learned judge was correct, as it followed the established precedents. *Boney v. R. R.,* 175 N. C., 354.

The testimony of W. M. Stokes, to which defendant excepted, was competent in all respects. What he said to C. V. Liverman, defendant's witness, was corroborative of his own testimony as to the fire. *Whitehurst v. R. R., supra; Matthews v. Insurance Co.,* 147 N. C., 342; *Bowman v. Blankenship,* 165 N. C., 519; *Elliott v. R. R.,* 166 N. C., 481. The particular ground of the objection, as stated in the brief of defendant, is, that it was not restricted by the judge to the purpose of corroboration. But the record states that it was, and we are bound by the statement. At any rate, there was no request that it be so restricted. This evidence having been so confined, the argument that the declaration was made to Mr. Liverman, superintendent of the defendant, is of no avail; and, further, it is evident that it was not permitted to be used for the purpose of charging the defendant with liability.

It may be well to remind the profession of Rule No. 27, which was adopted some time ago (164 N. C., p. 438), by quoting it again: "When testimony is admitted, not as substantive evidence, but in corroboration or contradiction, and that fact is stated by the court when it is admitted, it will not be ground for exception that the judge fails in his charge to again instruct the jury specially upon the nature of such evidence, unless his attention is called to the matter by a prayer for instruction; nor will it be ground of exception that evidence competent for some purposes, but not for all, is admitted generally, unless the appellant asks, at the time of admission, that its purpose shall be restricted."

The statement of the witness, W. M. Stokes, that he had seen the same engine casting sparks a number of times before the fire started, was competent. *Knott v. R. R.,* 142 N. C., 238; *Whitehurst v. R. R., supra; Daniels v. R. R.,* 158 N. C., 418; *Kerner v. R. R.,* 170 N. C., 94; *Meares v. Lumber Co.,* 172 N. C., 289. See, also, *Texas, etc., R. R. Co. v. Watson,* 190 U. S., 287, and *Texas, etc., R. R. Co. v. Roseborough,* 235 U. S., 429.

The question in regard to the sale of land by the grandmother, if relevant and otherwise competent, was too uncertain and indefinite; and as to the question relating to the defendant's survey of the land, it was not

necessary to notify the plaintiff, and it was immaterial whether she was notified or not. The exclusion of the question asked the witness, L. E. Stokes, when he was recalled, is not well taken, and, besides, is harmless. The question was a mere repetition of the defendant's cross-examination of the witness when on the stand the first time, and the question of damages was then exhaustively investigated. It does not appear that his answer would have been favorable to the defendant, nor does it appear what his answer would have been, so that the Court can see that the ruling was prejudicial. In *Jenkins v. Long,* 170 N. C., 269, the question, "Did you ask where he was?" was excluded. *Justice Allen* said: "There is nothing on the record to show what would have been the answer of the witness, nor what was expected to be proved, and we cannot see that the defendants have been prejudiced by the ruling of the court. It may be that the witness did not ask where the plaintiff was, or, if he did, that the person of whom the inquiry was made did not know, or, if he knew, that she would not tell him, or, if she told him, that the answer would not be prejudicial to the cause of the plaintiff. An appellant is required to show error, and in order to get the benefit of evidence excluded, it must reasonably appear what it is intended to prove, and that the exclusion of the evidence is prejudicial." There are many cases to the same effect. It may be said, generally, that if any ruling upon the evidence was technically erroneous, it was harmless, it having no appreciable influence on the result. *Harris v. R. R.,* 173 N. C., 110. It was held in *Carson v. Insurance Co.,* 171 N. C., 135, that if the exceptions, considered as a whole, are not of sufficient importance, or not so material as to justify a reversal, and when dealt with *seriatim* there is no substantial error in law, the judgment will not be disturbed.

We have already considered the exceptions to the charge and found them to be groundless, and upon a review of the whole record we can find no error therein.

No error.