### J. W. POTTER v. NORWOOD LUMBER COMPANY.

(Filed 20 December, 1919.)

**1. Railroads—Lumber Roads—Fires—Negligence—Defective Locomotives —Sparks—Foul Right of Way—Evidence.**

Where the defendant's railway locomotive directly set fire to the plaintiff's lumber along its roadbed because of sparks from a defective spark arrester therein, or where sparks from its engine fell upon its foul right of way and set fire to the lumber, it is evidence of defendant's actionable negligence; and it is competent to show that the engine at the same place emitted many sparks immediately before and after the fire upon the question of defects therein.

**2. Railroads— Lumber Roads— Fires— Insurance— Evidence— Rebuttal Evidence.**

Where the plaintiff has had his lumber insured and seeks to recover damages against the defendant lumber company for negligently setting it afire, and defendant has introduced evidence tending to show that at the place the plaintiff was seen raking up trash immediately before the fire, under suspicious circumstances indicating an attempt to burn the lumber, it is competent for the plaintiff either to explain or deny the inference that he was preparing to burn the lumber in order to obtain the insurance money.

**3. Railroads—Lumber Roads—Fires—Insurance—Parties—Partial Loss —Payment—Equity—Judgment—Estoppel.**

Where plaintiff's complaint demands damages for the negligent burning of his lumber by sparks from defendant's locomotive, which lumber was partly covered by insurance, and the insurance company has been made a party plaintiff without objection, evidence that the insurance company has paid the loss covered by its policy is competent, and the insurer is equitably entitled to reimbursement. The defendant may not thereafter

assign for error the making of the insurer a party, which will not be prejudicial to the defendant, when, by paying the judgment apportioning the recovery, the defendant will be fully protected.

**4. Appeal and Error—Prejudicial Error—Damages—Fires—Evidence— Negligence.**

In an action to recover damages for the alleged negligent burning of the plaintiff's lumber, evidence as to the price paid by plaintiff for the timber from which the lumber was manufactured is but slight, or negligible, proof of the latter's value, and its exclusion is without substantial prejudice to the defendant's right when taken in connection with the other testimony of the witnesses giving more definite and accurate information as to the value of the lumber.

CIVIL ACTION, tried before *McElroy, J.,* and a jury, at Spring Term, 1919, of SWAIN.

This was an action for the burning of plaintiff's lumber yard, alleged to have been caused by the negligence of defendant, Norwood Lumber Company.

The plaintiff alleged, among other things, that he carried, at the date of the fire, an insurance policy for $2,000 with the Aetna Insurance Company, and upon proof of loss said amount had been paid by the company. The defendant denied this allegation. The insurance company filed a petition setting up the facts, and asked to be made a party, and be allowed to adopt the complaint filed by J. W. Potter. The judge granted the request, and the company was made a party plaintiff, and adopted the complaint already filed.

On the trial of the action it appeared that the lumber yard of the plaintiff was situated near the roadbed of the defendant, Norwood Lumber Company; that it had a switch at or near the lumber yard, and, on the day of the fire, one train came up to the switch at the lumber yard, and another one, drawn by what the witness termed the "Four Spot" (local name for an engine), came down the mountain, and the two engines turned around, and the "Four Spot" took the load that the other engine had and started back up the mountain; the other engine "drifted back" down the mountain, carrying the load of logs that had been brought down by the "Four Spot." The "Four Spot" had only been gone a few minutes when fire was seen in the sticks, brush, and other rubbish on the right of way between the railroad and the lumber yard. The wind was blowing from the track of the railroad toward the lumber yard. The engine, as it went up the mountain threw sparks and set the woods afire in several places. The right of way of the railroad was foul, lumber strips and other trash had accumulated thereon, and had been allowed to remain. There was evidence that the "Four Spot" did not have a spark arrester, and evidence to the contrary.

Verdict and judgment for the plaintiff, and defendant appealed.

*Felix E. Alley and Merrimon, Adams & Johnston for plaintiff.*
*Thos. S. Rollins and S. W. Black for defendant.*

WALKER, J., after stating the facts as above: We will consider the assignments of error in the order they are stated in the record:

1. It was competent to prove that the engine emitted many sparks immediately before and after the burning, so as to show its defective condition, these sparks having fallen upon the foul right of way and caused the fire. *Knott v. R. R.,* 142 N. C., 238; *Whitehurst v. R. R.,* 146 N. C., 588; *Armfield v. R. R.,* 162 N. C., 24; *Cheek v. Lumber Co.,* 134 N. C., 225; *Williams v. R. R.,* 140 N. C., 623; *Cox v. R. R.,* 149 N. C., 117; *Currie v. R. R.,* 156 N. C., 419; *Aman v. Lumber Co.,* 160 N. C., 370; *Perry v. Mfg. Co.,* 176 N. C., 68, and *Williams v. Camp Mfg. Co.,* 177 N. C., 512, and cases cited. It can make no difference, as the cases above show, whether the sparks came from a defective engine or dropped on a foul right of way, as either act of negligence was sufficient to carry the case to the jury. *Knott v. R. R., supra.*

2. There was testimony to the effect that Potter was seen raking up trash, as if to set it afire, just before the fire started, and, in order to refute the charge, it was certainly competent for him to deny or explain it, and to show that he was not trying to burn the property for the insurance. The case of *Lytton v. Marion Mfg. Co.,* 157 N. C., 331, where it was attempted to prove that the *defendant* was insured, has been called to our attention, but it does not change our view, as we have decided the case, with respect to the insurance, upon the ground that the defendant was charging plaintiff, impliedly, at least, with having burned the property to get the insurance, and plaintiff had the right to reply to the accusation, and also to explain what was stated by one of the witnesses, that he was seen at the lumber piles and it appeared as if he was raking up trash as if to burn it, or words to that effect. Besides, there was no objection when the insurance company was made a party. It claimed a part of the fund, which has been allowed in the judgment. If it be conceded that the action must be brought in the name of the insured, when the insurance is less than the actual loss, it appears in this case that the amount of the policy has been paid by the company to the insured, and it is equitably entitled to reimbursement.

3. The defendant cannot now be allowed to assign as error the order of the court making the insurance company a party, as it made no objection to it at the time the order was made, and, besides, we cannot see how it is prejudiced by the order, as it will be protected, if it pays the judgment for the damages recovered by the plaintiff, J. W. Potter. If the insurance company gets a part of the money, of what concern is that to the defendant? It makes no difference who gets the money if the

defendant is fully discharged. *Newsom v. Russell,* 77 N. C., 277, where it was said by *Justice Bynum:* "What interest is it to the defendant if he is absolved from further liability by payment of his debt upon a judgment regularly obtained against him?"

4. The evidence admitted as to the payment of the insurance did the defendant no harm for the reason just stated, and, also, because it was not denied that a policy had been issued, the defendant even charging that plaintiff had burned the property to get the insurance money. All this evidence, taken connectedly, was competent to rebut this serious imputation against the plaintiff. The insurance had been taken out by J. M. English & Company, without Potter having knowledge of it up to the time of the fire. The loss, if any, was payable to J. M. English & Company, and the evidence proved how much of the recovery should go to the insurance company, and this amount ($2,000) was directed in the judgment to be paid to the company. *Powell v. Water Co.,* 171 N. C., 290.

5. The remaining exception is without merit. What Potter paid Stovall for the timber, not the lumber, was very slight proof of the latter's value, if proof at all, and its exclusion worked no substantial harm to the defendant, especially in view of the fact that Stovall, the same witness to whom was put the question, as to the price of the timber, was examined, at length, as to the quantity and value of the lumber, and there was elicited far more definite and accurate information as to how much lumber was on the yard. The defendant was evidently not prejudiced by the court's ruling. *S. v. Stancill,* at this term, 178 N. C., 683 (100 S. E., p. 241).

There is no error, and it will be so certified.

No error.