29174. NORTH CAROLINA MUTUAL LIFE INSURANCE COMPANY *v.* HADLEY.

DECIDED NOVEMBER 7, 1941.

*P. C. Andrews,* for plaintiff in error. *J. E. Craigmiles,* contra.

FELTON, J. Mary Hadley sued North Carolina Mutual Life Insurance Company to recover premiums, with interest, which she had paid on an insurance policy which her petition alleged had been repudiated and rescinded by the company by the refusal of its authorized agents to accept premiums at a time when the policy was in force and before it lapsed. The jury found for the plaintiff,

and the defendant excepted to the overruling of its motion for new trial.

The policy involved in this case provided: "Payment of premiums. All premiums are payable at the home office of the company, but may be paid to any duly-authorized representative of the company in immediate exchange for an official receipt or entry in the regular premium receipt book. If for any reason the premium be not called for when due it shall be the duty of the policy holder, before said premiums shall be in arrears four weeks, to bring or send said premium to the home office of the company or to one of its district offices." Under these provisions and the facts of this case the only premium payments which bound the insurance company were those for which receipts were issued or which were duly entered in the premium receipt book. The policy was dated October 2, 1933. The premium receipt book showed that the last payment entered therein had been made on April 15, 1940, for the weekly premium due March 25, 1940. The plaintiff introduced in evidence a receipt for a week's premium, signed by the authorized agent, dated May 3, 1940. Thus the receipt book showed the premiums paid to April 2, 1940, assuming that they were paid in advance. The May 3 payment carried the policy to April 9. The plaintiff swore that the May 3 payment was the last she had made; that the agent did not come back any more until he came with the district manager on May 20; that on May 20 the agent and district manager agreed to accept three weeks' premiums and reinstate the policy, but that when she went to the office of the company the next day nobody was there; that she did not mail the money to the home office or take it back to the local office. She swore that she owed but two weeks' premiums on May 20, that she tendered them, and that they were refused by the agent and the district manager.

It appears that the policy lapsed on May 9, thirty days after the last premium was due on April 9. The agent and district manager then had a right to refuse the tender of two weeks' premiums on May 20, if they were in fact tendered. The plaintiff could claim credit only for premiums receipted for independently or entered on the premium receipt book (Matthews v. Metropolitan Life Insurance Co., 147 N. C. 339, 61 S. E. 192, 18 L. R. A. (N. S.) 1219; New York Life Insurance Co. v. Davis, 95 U. S. 425, 24 L. ed. 453), in the absence of evidence showing that the disputed pre-

142

miums had been actually received by an officer of the company having authority to waive the requirements as to the issuance of receipts or entries in the premium receipt book, these officers, according to the terms of the policy, being the president and the secretary of the company. Under the foregoing facts the verdict for the plaintiff was not authorized, and the court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*