AMERICAN NATIONAL INSURANCE COMPANY V. EMMA K. TROSS.

No. 7746. Decided December 31, 1941.
(157 S. W., 2d Series, 620.)

*W. B. Handley,* of Dallas, for Plaintiff in error.

*Barns, McElroy & Hudspeth,* of Terrell, for defendants in error.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is a suit on a life insurance policy, and the material question to be determined is whether the agent to whom the annual premium was paid had authority to collect same and thereby bind the company.

The policy was issued by the company in accordance with the application of the insured, with premiums payable quarterly on the 1st day of June, September, December, and March; the anniversary date being June 1st of each year. The policy, together with an official receipt signed by the secretary of the company for the quarterly premium of $7.04, was forwarded to the company's soliciting agent for delivery to the insured upon payment of said initial quarterly premium. Among other things, the policy provided:

"The CONSIDERATION herefor consists of the application, a copy of which is attached to and made a part hereof, and advance payment of the premium hereon of Seven and 04/100

dollars, and the continued payment of a like sum on the 1st day of each JUNE, SEPTEMBER, DECEMBER and MARCH thereafter until premiums for 43 full years shall have been paid, or until prior death of the Insured; the premium until First Policy Anniversary is for term insurance and the legal reserve, if any. The policy anniversary date shall be June 1st of each year.

"* * * * * * *

"Provided the anniversary date is not changed as a premium due date, the mode of premium payment may be changed from annual to semi-annual or quarterly installments or vice-versa, in accordance with the premium rates endorsed on the cover page of this policy.

"* * * * * * *

"No agent can make, alter or discharge this contract or extend the time for payment of premium, nor can this contract be varied or altered or its conditions waived or extended in any respect, except by the written agreement of the company, in compliance with the law of the state in which the contract is issued, signed by the President, or one of the Vice Presidents or Secretaries, whose authority will not be delegated.

"* * * * * *

"All premiums are due and payable in advance at the home office of the company, but may be paid to an authorized agent of the company in exchange for a receipt duly signed by the president or secretary of the company and countersigned by the agent named therein. The policy shall not take effect until the first premium shall have been actually paid while the insured is in good health."

On the cover page, was endorsed: "Annual Rate $26.58 Semi-Annual Rate $13.82 Quarterly Rate $7.04." The agent delivered the policy to the insured on June 15th, at which time the insured expressed a desire to avail himself of the privilege of paying the annual premium of $26.58 instead of the quarterly premium of $7.04. The agent acceded to his request and allowed the insured to pay at the annual rate of $26.58 prescribed on the cover page of the policy, without changing the anniversary date hereof. Said agent, with the knowledge and in the presence of the insured, thereupon altered the official receipt previously delivered to him by the company so as to make the same for the annual premium of $26.58 instead of the quarterly premium of $7.04. He then collected such annual premium and delivered

the policy and altered the receipt to the insured. The insured died after the expiration of the first quarter, but before the expiration of the year. The insurance company contends that the agent had no authority to collect the annual premium. It is not contended that the company ever knew that the premium had been collected or that it received any part thereof. As a matter of fact, the evidence shows that the agent failed to account to the company for any part of the premium so collected by him from the insured. When the company called upon the agent to account for the premium, he reported that the insured had failed to take the policy, and furnished an affidavit that the policy had been lost. The trial court rendered judgment for the plaintiff and the Court of Civil Appeals affirmed the judgment. 138 S. W. (2d) 872.

Article 4732, Revised Statutes, provides in part as follows:

"No policy of life insurance shall be issued or delivered in this State, or be issued by a life insurance company organized under the laws of this State, unless the same shall contain provisions substantially as follows?

"1. That all premiums shall be payable in advance either at the home office of the company or to an agent of the company upon delivery of a receipt signed by one or more of the officers who are designated in the policy."

Article 5063, Revised Statutes, provides as follows:

"Any person who shall solicit an application for insurance upon the life of another shall in any controversy between the assured and his beneficiary and the company issuing any policy upon such application be regarded as the agent of the company, and not the agent of the insured, but such agent shall not have the power to waiver, change or alter any of the terms or conditions of the application or policy."

We do not find it necessary for us to determine what would be the rights of the parties if an agent without authority should collect a premium under the circumstances herein set out. Compliance with the provisions of the policy limiting the authority of an agent to collect premiums could be waived by the insurance company. Biglake v. Mutual Life Ins. Co. of Baltimore (Mo.), 34 S. W. (2d) 1019; Matthews v. Metropolitan Life Ins. Co., 147 N. C. 339, 61 S. E. 192, 18 L. R. A. (N.S.) 1219; Hartford Life & Annuity Ins. Co. v. Hayden's Adm'r.,

90 Ky. 13 S. W. 585; Hinkson v. Kansas City Life Ins. Co., 93 Or. 473, 183 Pac. 24; 32 C. J. 1199. Undoubtedly the insurance company could send out an agent with authority to collect a monthly or annual premium without having in his possession an official receipt therefor, and if an agent with such authority should collect the premium under such circumstances it would be binding on the company. Admittedly, the one who collected the premium in this instance was the agent of the insurance company for some purposes. Apparently the company had clothed him with more authority than is generally vested in a mere soliciting agent. He testified many times, both on direct and cross examination, and wholly without contradiction, that he frequently collected a larger premium than that provided for in the official receipt that had been furnished him, and that the premium so collected was accepted by the company, with full knowledge of the facts. He testified that when a policyholder expressed a desire to change the plan of payment as provided in the policy, he would collect the premium for the amount which the policyholder desired to pay, alter the official receipt to suit the payment, and report the matter to the company; and that the company would accept the payment. This evidence was sufficient to justify an inference that the company had clothed this agent with authority to collect premiums without the necessity of having an official receipt therefor in his possession. The jury found that the plaintiff paid the premium in the sum of $26.58. No issue was submitted to the jury as to the authority of the agent to receive the premium in question, and no request was made for the submission of such an issue. The judgment of the lower court in favor of the beneficiary implies a finding of such authority. 2 Tex. Jur. 655; Galveston-Houston Interurban Land Co. v. Dowell, 193 S. W. 353 (writ refused); Ferguson v. Lewis, 290 S. W. 858. Clearly, if the premium was paid to the authorized agent of the company, the beneficiary is entitled to recover.

The judgments of the trial court and of the Court of Civil Appeals are affirmed.

Opinion delivered December 31, 1941.